# Formal Judicial Complaint Against Judge Eric W. Godderz

**For Systemic Denial of Procedural Safeguards, Judicial Misconduct, Delegation of Judicial Authority, Retaliation, ADA Violations, and Abuse of Power**

**Introduction: Systemic Corruption and Denial of Justice**

Judge Eric W. Godderz has orchestrated a judicial environment in Anderson County District Court that systematically denies procedural safeguards, violates ethical and legal obligations, and facilitates a corrupt "shadow court" controlled by Guardian ad Litem Andrew Bolton and opposing counsel Breanne Poe. By failing to adhere to the Kansas Code of Judicial Conduct (601B Rules), specifically **Rules 1.1, 1.2, 2.2, 2.5, 2.6, 2.8, 2.9, 2.11, and 3.1**, Judge Godderz has allowed rulings to be predetermined, evidence suppressed, and litigants silenced, violating fundamental rights under the **Fourteenth Amendment's Due Process Clause**, **42 U.S.C. § 1983**, and **ADA Title II protections under 42 U.S.C. § 12132**. These violations extend to the **First Amendment's protections** against retaliation for asserting rights and are contrary to the principles of impartiality and fairness outlined in **Canon 2 of the Model Code of Judicial Conduct** and the **Kansas Constitution's guarantee of open courts and equal justice under Article 2, Section 1**. Furthermore, Judge Godderz's conduct infringes on **Maxim Rights** of equity, which dictate that justice should be free from bias, corruption, and undue influence, and the **Bill of Rights' guarantees of access to courts, due process, and fair treatment**. His refusal to issue judicial orders, provide transcripts, or admit evidence breaches judicial immunity as these actions are ministerial duties that exceed discretionary judgment, violating **Goldberg v. Kelly, 397 U.S. 254 (1970)** and **Tennessee v. Lane, 541 U.S. 509 (2004)**.

The foundation of this complaint lies in the systemic denial of procedural safeguards, fostering corruption and shielding judicial misconduct from scrutiny. Judge Godderz's improper delegation of judicial duties to the Guardian ad Litem (GAL), biased favoritism toward opposing counsel, and retaliation against me for filing ethics complaints reflect a calculated effort to harm litigants and obstruct justice. By failing to issue judicial orders after hearings, including the critical hearing on July 15, 2024, Judge Godderz created a procedural void where the GAL operated without accountability, wielding judicial authority in direct violation of **Kansas Stat. § 60-247** and **Rule 2.5**. This allowed the GAL to initiate emergency motions, such as removing my parenting time, without judicial oversight, directly violating my son's rights under the **ADA Title II**. The refusal to issue judicial orders, admit evidence, or provide transcripts insulated these procedural failures from scrutiny, foreclosing appellate review and compounding procedural bias. Without judicial orders, the denial of my ADA accommodations and my son's therapeutic needs became unchallengeable, exacerbating the harm caused by the GAL's unchecked actions. The judge's failure to admit evidence, including critical records related to my son's psychological trauma and anxiety, further dismissed ADA accommodation requests without justification. These procedural failures represent a systemic abdication of judicial duties and were both the cause and enabler of the retaliatory, biased, and discriminatory actions detailed in this complaint.

This complaint does not challenge the substance of the rulings themselves but focuses on the judge's ethical misconduct and procedural violations, including bias, retaliation, and the

abdication of judicial duties, which fall squarely within the Commission's purview under the **Brochure of Conduct**. Judge Godderz's repeated retaliation for my ADA-protected activities and ethics complaints, as well as his clear bias favoring opposing counsel and the GAL, violated impartiality standards under **Rules 2.3 and 2.11**. His refusal to ensure procedural safeguards and ADA accommodations directly harmed my son, who suffers from diagnosed psychological trauma and anxiety, and violated the judge's ethical obligation to ensure fairness and protect vulnerable litigants. These failures represent a direct breach of **Maxim Rights**, which demand equity, fairness, and impartiality in judicial proceedings. By prioritizing personal bias and procedural shortcuts over these fundamental principles, Judge Godderz undermined the integrity of the judicial process, leaving my son and me without access to justice. The denial of procedural safeguards, including issuing judicial orders, providing transcripts, and admitting evidence, violated the Maxim Rights principle of equity, which mandates justice must be impartial, accessible, and protective of the most vulnerable.

## Allegations of Misconduct and Key Violations

The following allegations establish a clear pattern of systemic misconduct anchored in the **denial of procedural safeguards**, creating a "shadow court" that violates state and federal laws, constitutional rights, and the Kansas Code of Judicial Conduct (601B Rules). These violations are compounded by retaliation, delegation of judicial duties to non-judicial officers, and discriminatory practices.

### 1. Denial of Procedural Safeguards: The Anchor of Misconduct

**Rules Violated: 2.5 (Competence, Diligence, and Cooperation), 2.6 (Ensuring the Right to Be Heard), 2.8 (Decorum, Demeanor, and Communication);**

**Constitutional Rights Violated: Fourteenth Amendment's Due Process Clause, Americans with Disabilities Act (ADA) Title II, 42 U.S.C. § 12132 (Prohibition of Discrimination by Public Entities);**

**Maxim Rights of equity, ensuring justice is free from bias and undue influence;**

**Legal Precedent: Goldberg v. Kelly, 397 U.S. 254 (1970): Procedural due process requires that individuals be afforded an opportunity to present evidence and receive a fair hearing;**

**Tennessee v. Lane, 541 U.S. 509 (2004): Ensures equal access to courts for individuals with disabilities.**

Following hearings on July 15, 2024, September 21, 2024, and October 7, 2024, Judge Godderz failed to issue signed judicial orders documenting his rulings, leaving critical decisions undocumented, foreclosing appellate review, and insulating procedural irregularities from scrutiny. This lack of documentation significantly impacted my ability to appeal unjust rulings and denied my son, who suffers from diagnosed psychological trauma and anxiety, critical protections under the Americans with Disabilities Act (ADA). The judge refused to admit essential evidence, including affidavits, medical records, and witness testimony, obstructing the creation of a complete record and violating the Kansas Constitution's guarantee of open courts under Article 2, Section 1. On July 17, 2024, I requested transcripts of the hearings to support my son's ADA accommodations, but the judge required a formal motion and subsequently ignored it after its filing on October 30, 2024, further denying my son and me access to the procedural safeguards required for meaningful participation. The court's refusal to accommodate ADA-protected needs—such as extended hearing times necessary for my son to manage his mental health challenges and my own ADHD, as well as the extension request after my attorney's death—constituted a direct violation of Title II of the ADA, 42 U.S.C. § 12132, and the protections established in Tennessee v. Lane, 541 U.S. 509 (2004). These ADA violations, compounded by procedural failures, obstructed our access to due process and foreclosed on essential rights guaranteed under the Bill of Rights, creating a pattern of negligence, bias, and systemic discrimination that undermined the judiciary's role as a fair and impartial forum for justice.

## 2. Delegation of Judicial Duties to the GAL

**Rules Violated: 2.5 (Competence, Diligence, and Cooperation), 2.2 (Impartiality and Fairness), 3.1 (Avoiding Abuse of Judicial Office); Constitutional Rights Violated: Fourteenth Amendment Equal Protection Clause; Maxim Rights of equity, which prohibit abdication of responsibility by a judicial officer; Legal Precedent: Tumey v. Ohio, 273 U.S. 510 (1927): Delegation of judicial power to a biased or unauthorized party violates due process; Kansas Stat. § 60-247: Prohibits improper delegation of judicial authority to non-judicial officers; ADA Violations: Title II, 42 U.S.C. § 12132, and Tennessee v. Lane, 541 U.S. 509 (2004): Mandates courts to ensure equal access for individuals with disabilities.**

Judge Godderz's improper delegation of judicial authority to Guardian ad Litem (GAL) Andrew Bolton enabled the GAL to operate as a de facto judge, unchecked and without accountability, in violation of constitutional, statutory, and ADA protections. Despite the GAL beginning to bill on **July 16, 2024**, Judge Godderz did not formalize the GAL's appointment until **July 26, 2024**, creating a procedural void that allowed the GAL to wield undue authority without judicial oversight. On **July 29, 2024**, the GAL filed an emergency motion suspending my parenting time and granting sole legal custody to the father. This motion was treated as a court order without proper judicial review or oversight, forcing my 14-year-old son—diagnosed with psychological trauma and anxiety—into a traumatic confrontation on the front steps of his home, where he fought for himself for 2.5 hours against going with his father, despite his mental disabilities. Video evidence from a **RING camera** documents the incident.

On **August 14, 2024**, the GAL removed my son's established therapist, Alison Dean, without cause and replaced her with Andrea Dunseth, a therapist aligned with the GAL's agenda,

exacerbating my son's psychological distress. This action led to a panic attack on **August 15, 2024**, during which my son injured his hand as his father tried to forcibly grab his cell phone while he called for help. Despite police officers on the scene noting the potential need for an ambulance, and consistent reports of physical abuse to mandated reporters, including my son's journal entries, the GAL falsely denied that any abuse occurred. I was not informed about the abuse for a week, leaving me unable to advocate for my son's safety.

The GAL's coercive and threatening behavior further exacerbated the harm inflicted on my son and me, compounding his psychological trauma and violating multiple protections under state and federal law, including **ADA Title II**, which guarantees procedural accommodations for individuals with disabilities. The GAL threatened my son, stating that if he continued to email his grandmother about what was happening to him at his father's home, "it is making everything worse and he will get his mom in more trouble." This tactic was aimed at silencing my son, a child with diagnosed psychological trauma and anxiety, and isolating him from his support network, thereby worsening his mental health. Additionally, the GAL threatened to terminate my parental rights and place my son in foster care because I raised my hand during a hearing, an action devoid of any legal or factual justification. The GAL also threatened me with psychological evaluations, despite a complete lack of evidence of wrongdoing, as a means to intimidate and punish me for advocating for my son's safety. These coercive and retaliatory measures, which sought to silence both my son and me while shielding the abuse he endured, violate not only **ADA Title II protections** but also my son's right to therapeutic continuity and emotional safety. This pattern of intimidation and systemic negligence inflicted significant emotional, mental, and psychological harm, highlighting the GAL's abuse of authority and the judge's failure to intervene or hold the GAL accountable.The GAL's routine issuance of motions treated as court orders, without judicial review, undermined the constitutional principle of separation of powers, violated **Rule 2.5**, and abdicated judicial responsibility to a biased and unauthorized party. This failure to protect my son's mental health, compounded by intimidation and systemic negligence, inflicted significant emotional, mental, and psychological harm on both him and me, undermining the integrity of the judiciary.

### 3. Retaliation for Ethics Complaints and Legal Advocacy

**Rules Violated: 2.3 (Bias, Prejudice, and Harassment), 2.11 (Disqualification), 3.6 (Ensuring Judicial Independence); Constitutional Rights Violated: First Amendment protections against retaliation, Fourteenth Amendment's Equal Protection Clause, ADA Title II, 42 U.S.C. § 12132 (Prohibition of Discrimination by Public Entities); Legal Precedent: Caperton v. A.T. Massey Coal Co., 556 U.S. 868 (2009): Judges must recuse themselves when impartiality is compromised or when actions demonstrate bias or retaliation; Tennessee v. Lane, 541 U.S. 509 (2004): Courts must provide reasonable accommodations to ensure equal access for individuals with disabilities.**

Judge Eric W. Godderz engaged in retaliatory conduct and demonstrated clear bias following my firing of attorney Daniel Schowengerdt and the filing of an ethics complaint against him. On **September 27, 2024**, Judge Godderz issued an unusual **"Withdraw Order to Withdraw"**,

effectively reinstating my former attorney despite his withdrawal nearly a year earlier in **December 2023**, allowing him to continue receiving court filings and maintaining inappropriate influence over the case. During hearings, Judge Godderz repeatedly referenced the number of attorneys I have retained in a demeaning manner, implying instability or fault on my part, reflecting personal bias and animosity.

The judge also facilitated exclusive meetings between the Guardian ad Litem (GAL), opposing counsel Breanne Poe, and the father, while ignoring my documented attempts to communicate with the GAL. These exclusive meetings led to decisions that consistently favored the opposing side, demonstrating clear collusion, retaliation, and partiality. Compounding this, the judge refused to accommodate ADA-protected needs, including my request for extended hearing times and support for my ADHD, and my son's documented psychological trauma and anxiety, which required procedural modifications under **ADA Title II protections**. By ignoring my ADA-related requests, Judge Godderz further restricted my ability to participate meaningfully in the case and denied my son accommodations that would ensure his safety and emotional stability.

These actions not only violated **First Amendment protections against retaliation for exercising my legal rights** but also denied me and my son the **equal protection guaranteed under the Fourteenth Amendment**. The judge's conduct undermined judicial independence, violated procedural fairness, and imposed discriminatory barriers that exacerbated harm. This pattern of bias and negligence warrants immediate investigation, recusal under **Rule 2.11**, and disciplinary action consistent with the principles set forth in **Caperton v. A.T. Massey Coal Co.** and **Tennessee v. Lane**.

## 4. ADA Violations and Discrimination

**Rules Violated: 2.3 (Bias, Prejudice, and Harassment), 2.15 (Responding to Judicial Misconduct);**

**Constitutional Rights Violated: Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132; 42 U.S.C. § 12203 (ADA Retaliation);**

**Legal Precedent: Tennessee v. Lane, 541 U.S. 509 (2004): Courts must provide reasonable accommodations to ensure access to justice for individuals with disabilities.**

Judge Eric W. Godderz systematically denied reasonable accommodations required under the ADA, directly harming my ability to participate meaningfully in court proceedings and exacerbating the harm inflicted on my son, who suffers from psychological trauma and anxiety. After my attorney's death, I requested an extension for preparation as an ADA accommodation to ensure adequate time to address the complexities of my case, particularly given my own ADHD and my son's mental health needs. Judge Godderz ignored this request and proceeded with hearings, in direct violation of **Title II of the ADA** and the principles set forth in **Tennessee v. Lane**. Furthermore, the judge's retaliatory actions, which included severing contact between my

son and me and imposing punitive measures, were taken following my filing of an ethics complaint against a former attorney. These actions not only violated **42 U.S.C. § 12203**, which prohibits retaliation for engaging in ADA-protected activities, but also denied my son critical accommodations, such as extended time for decision-making processes and protections to ensure his emotional safety. Instead of addressing my son's documented psychological trauma and anxiety, the judge imposed punitive rulings that silenced his voice and disregarded his therapeutic needs. These failures denied my son equal access to justice and created barriers that heightened his psychological distress, violating both **constitutional protections of due process** and the **ADA's mandate to ensure fairness and accessibility** in judicial proceedings. Judge Godderz's actions reflect a pattern of bias, retaliation, and systemic neglect, warranting immediate investigation and accountability under **Rule 2.15**.

## 5. Dismissal of Protective Order Despite Evidence

**Rules Violated: 2.2 (Impartiality and Fairness), 2.6 (Ensuring the Right to Be Heard);**

**Constitutional Rights Violated: Fourteenth Amendment's Due Process Clause;**

**ADA Title II, 42 U.S.C. § 12132;**

**Maxim Rights of justice to protect vulnerable individuals from harm.**

During the **July 15, 2024**, trial date, Judge Eric W. Godderz dismissed my protective order filing despite credible evidence of child pornography, neglect, and abuse, including reports from the crisis center and other professionals. The judge flippantly stated, "If I dismiss the case, she will just file again, and this will never end," demonstrating a lack of impartiality and fairness, as well as disregard for the welfare of my son, who suffers from diagnosed psychological trauma and anxiety. The dismissal not only ignored this critical evidence but also placed my son at heightened risk by failing to acknowledge the necessity of protective measures. Additionally, by refusing to consider my son's mental disability and need for safeguards under **ADA Title II**, the judge violated his obligation to provide accommodations ensuring equal access to justice. My son's trauma and anxiety required therapeutic stability and a safe environment, which the court failed to provide, instead exposing him to further harm. This decision was not only a violation of **Rule 2.6**, ensuring the right to be heard, but also a breach of the **Fourteenth Amendment's Due Process Clause**, which guarantees protections against arbitrary and harmful judicial actions. The judge's failure to consider ADA protections for my son's disability compounded the harm, reflecting a pattern of bias and neglect that endangered a vulnerable child and undermined the judiciary's role as a protector of justice.

## 6. Breach of Judicial Immunity

**Rules Violated: 1.1 (Compliance with the Law), 1.2 (Promoting Confidence in the Judiciary);**

**Legal Precedent: Forrester v. White, 484 U.S. 219 (1988):** Judicial immunity does not extend to non-judicial acts such as administrative failures or procedural denials that violate constitutional rights;

**Kansas Supreme Court Rule 611:** Allows for removal or suspension when judicial misconduct compromises impartiality and competence;

**ADA Violations: Title II, 42 U.S.C. § 12132, and Tennessee v. Lane, 541 U.S. 509 (2004):** Courts must ensure equal access for individuals with disabilities.

Judge Eric W. Godderz's refusal to issue judicial orders, admit evidence, or provide transcripts represents a failure of ministerial duties that far exceeds the protections of judicial immunity and violates procedural safeguards required under state and federal law. These non-discretionary duties are fundamental to the administration of justice and directly impact my ability to advocate for my son, who suffers from psychological trauma and anxiety. By failing to document rulings, admit evidence such as affidavits and medical records, or provide transcripts despite my formal requests, the judge obstructed our access to due process and insulated procedural irregularities from scrutiny. This failure is particularly egregious given my son's mental disability, as these procedural deficiencies denied him accommodations mandated under **ADA Title II**, such as procedural modifications and equal access to justice. The refusal to issue orders or transcripts also prevented appellate review and foreclosed my ability to seek relief for the ongoing harm to my son. These actions violate **Rule 1.1** by failing to uphold the law, undermine public confidence in the judiciary in violation of **Rule 1.2**, and breach the safeguards established by the **Fourteenth Amendment's Due Process Clause**. The judge's neglect of administrative responsibilities and failure to account for ADA protections reflect a disregard for his duty to ensure impartiality and competence, warranting removal or suspension under **Kansas Supreme Court Rule 611**.


**Conclusion**

The allegations presented demonstrate a systemic and deliberate pattern of judicial misconduct by Judge Eric W. Godderz, rooted in the denial of procedural safeguards and reinforced by retaliation, delegation of judicial authority, and ADA violations. This misconduct begins with his failure to issue judicial orders, provide transcripts, and admit evidence not only obstruct justice but also foreclosed appellate review, creating a procedural void that enabled unchecked misconduct by GAL. These failures enabled a shadow court, where the GAL wielded unchecked authority, issuing motions treated as orders and further isolating my son—who suffers from psychological trauma and anxiety—from the protections he desperately needs. This disproportionately harmed my son, who suffers from psychological trauma and anxiety, and violated ADA Title II protections by denying him the accommodations and procedural modifications necessary for his participation in the judicial process.

Judge Godderz's actions also violated ADA Title II by refusing to accommodate my son's disabilities and retaliating against me for filing an ethics complaint. His retaliatory actions severed my contact with my son, compounded emotional harm, and denied procedural fairness,

all while insulating his rulings from scrutiny. By delegating judicial authority to the GAL, issuing retaliatory rulings, and ignoring ADA accommodation requests, Judge Godderz violated **Rules 1.1, 2.2, 2.3, 2.5, 2.6, 2.11 and 2.15**, as well as constitutional protections under the **Fourteenth Amendment's Due Process Clause.** These actions also breached **Maxim Rights**, which demand equity, fairness, and impartiality in judicial proceedings, and undermined public confidence in the judiciary. This systemic misconduct warrants immediate formal proceedings under Kansas Supreme Court Rule 611, referral of ADA violations to federal authorities, and the implementation of procedural reforms to restore fairness and transparency to Kansas family courts to restore justice, ensure accountability, and prevent further harm to me, my son, and the integrity of Kansas family courts.

## Requested Actions

**1. Initiation of Formal Proceedings**
Pursuant to **Kansas Supreme Court Rule 611**, initiate disciplinary proceedings to address systemic misconduct by Judge Eric W. Godderz, including retaliation against litigants, denial of due process, failure to issue judicial orders, refusal to admit evidence, and improper delegation of judicial authority to the Guardian ad Litem (GAL). These proceedings should examine whether his conduct compromises judicial impartiality and undermines the integrity of the judiciary, warranting suspension, removal, or other appropriate disciplinary measures.

**2. Oversight and Accountability**
Require the Kansas Supreme Court to review Judge Godderz's failure to fulfill ministerial duties, including issuing signed judicial orders following hearings, providing transcripts to litigants, and overseeing GAL actions. Ensure that these actions align with the responsibilities outlined in the **Kansas Code of Judicial Conduct (601B Rules)** and the judicial mandate to safeguard due process and procedural fairness.

**3. Address ADA Violations**
Refer documented violations of the **Americans with Disabilities Act (ADA)** to appropriate state and federal agencies, including the **DOJ Civil Rights Division**, for investigation. This referral should focus on Judge Godderz's failure to provide reasonable accommodations for my ADHD and my son's diagnosed psychological trauma and anxiety, as well as retaliatory actions taken against me for filing an ethics complaint.

**4. Implementation of Procedural Reforms**
Mandate reforms to improve transparency and procedural fairness in court processes. Require that all court orders are formally signed by the judge to ensure accountability and prevent improper delegation of authority. Additionally, ensure timely and accessible transcripts for litigants to safeguard the right to appeal and facilitate procedural oversight.

These actions are necessary to uphold the integrity of Kansas family courts, protect vulnerable litigants, and restore public confidence in the judiciary.