IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KANSAS CITY, KANSAS

JONATHAN DAVID LAWSON,

  Petitioner,

v.

ANGELIINA LYNN LAWSON,

  Respondent, Pro Se

Case No: 5:25-cv-04045-JWB-TJJ

JURY DEMAND

State Case Removed: AN-2020-DM-000131 (Anderson County)

## SUPPLEMENTAL NOTICE OF POST-REMOVAL ADA OBSTRUCTION AND CONSTRUCTED RECORD VIA CART

COMES NOW Respondent, Angeliina Lynn Lawson, appearing pro se, and respectfully submits this supplemental notice to inform the Court of additional post-removal actions taken by the Anderson County District Court in violation of 28 U.S.C. § 1446(d), the Americans with Disabilities Act (ADA), and due process protections under the U.S. Constitution.

### I. BACKGROUND

1. Respondent removed this case to federal court on May 6, 2025, and notified the state court pursuant to 28 U.S.C. § 1446(d). Notified federal court of obstruction to obtain full certified filings by clerk not filing the notice and not providing access into the case.

2. The clerk did no docket the removal until May 8, 2025—two days later—and mislabeled it as 'correspondence' instead of a formal jurisdictional filing.

3. On May 8, 2025, the Anderson County court conducted a hearing at 9:00am without admitting Respondent to the Zoom proceeding or sending her a zoom link, despite proper

appearance and follow-up emails documenting exclusion. After several attempts of having the zoom waiting room denied, the Respondent was admitted late 9:11am and everyone was already there talking. Judge Eric W. Godderz proceeded with a scheduled hearing and continued on even after Respondent gave jurisdictional statement for court record. The Judge moved on as if nothing was said and initially stated that no federal removal had been received. Shortly thereafter, he acknowledged the filing—but only after Respondent's motion to compel the clerk had been submitted and the issue pressed.

4. Respondent contends that the delay and mislabeling of the removal notice appear designed to frustrate federal jurisdiction and maintain unlawful state control over the matter.

5. No advance notice was given that CART (Communication Access Real-Time Translation) services would be provided or utilized.

6. No real-time access, download link, or follow-up email was provided to Respondent containing any CART notes or transcript. During the zoom there was nothing to help with the subtitles or real time access.

7. On May 8, 2025, in the afternoon after the hearing with no notice or email the state docket shows the court added 'CART notes from Hearing (5/08/2025)' under Index #45, without providing those notes to Respondent. No access to CART transcript.

## II. CONTINUED STATE COURT PROCEEDINGS POST-REMOVAL

8. At the May 8, 2025 hearing, the state court proceeded to address substantive issues, including motions regarding supervised visitation and psychological evaluations, despite having no jurisdiction under 28 U.S.C. § 1446(d).

9. These proceedings occurred while Respondent was initially denied access to the Zoom platform, and later objected on the record to jurisdiction and participation.

10. The failure to notify or provide access to CART violates Title II of the Americans with Disabilities Act (42 U.S.C. § 12132), which requires meaningful access and equal participation.

11. The addition of CART notes to the state docket after the hearing—without Respondent's knowledge, presence, or access—constitutes construction of a false record and manufactured compliance.

12. These acts further undermine the legitimacy of the May 8, 2025 hearing, which was already held in violation of 28 U.S.C. § 1446(d) following the valid federal removal.

13. Respondent was denied the opportunity to participate, observe, or even view the record created in her absence.

### III. REQUEST FOR JUDICIAL NOTICE AND RECORD ENTRY

14. Take judicial notice of the delayed and mischaracterized docket entry of the Notice of Removal in Anderson County;

15. That the Court take judicial notice that no real-time CART access or follow-up transcript was provided to Respondent.

16. Recognize that the state court unlawfully continued with substantive proceedings despite removal;

17. That Index #45 ('CART notes from Hearing') was added to the state docket without distribution to Respondent, but still no access to Respondent to obtain filings.

18. That this filing be entered into the federal record to support forthcoming motions concerning ADA violations, due process obstruction, and the invalidity of any state action on or after May 8, 2025.

19. Preserve this filing as part of the official federal record of jurisdictional interference and ADA-related retaliation.

Respectfully submitted,    Date: May 8, 2025

*[signature]*

Angeliina Lynn Lawson

1914 5th Ave., Leavenworth, KS 66048

angeliinacourtrecords@gmail.com

(913) 972-1661

### CERTIFICATE OF SERVICE

I hereby certify that on May 8, 2025 I filed the foregoing SUPPLEMENTAL NOTICE OF POST-REMOVAL ADA OBSTRUCTION AND CONSTRUCTED RECORD VIA

CART with the Clerk of the United States District Court for the District of Kansas, and will serve a true and correct copy of the same via U.S. Mail and/or electronic service to the following:

**Jonathan Lawson**
7029 Round Prairie St.
Shawnee, KS 66226

**Clerk of the District Court of Anderson County**
100 E. 4th Ave.
Garnett, KS 66032

Respectfully submitted,                                              Dated: May 8, 2025

*[signature]*

Angeliina Lynn Lawson
1914 5th Ave., Leavenworth, KS 66048
AngeliinaCourtRecords@gmail.com
913-972-1661
Pro Se Litigant