IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JONATHAN DAVID LAWSON, | )<br>) |
| Petitioner, | )<br>) |
| v. | )<br>) Case No. 5:25-cv-04045-JWB-TJJ |
| ANGELIINA LYNN LAWSON, | )<br>) |
| Respondent. | )<br>) |

**ORDER AND REPORT AND RECOMMENDATION**

Respondent Angeliina Lynn Lawson filed a notice of removal from Anderson County District Court on May 2, 2025 (Doc. 1), and subsequently filed a corrected notice of removal (Doc. 6) on May 6, 2025. Respondent attempts to remove an underlying state court family law matter involving enforcement of child support and maintenance arrears and child custody issues. This action is before the Court on Respondent Angeliina Lynn Lawson's Motion for Leave to Proceed Without Prepayment of Fees (Doc. 4).

**I.     Respondent's Motion to Proceed Without Prepayment of Fees**

Section 1915 of Title 28 of the United States Code allows the court to authorize the commencement of a civil action "without prepayment of fees of security therefor, by a person who submits an affidavit . . . [if] the person is unable to pay such fees or give security therefor."[1] To succeed on a motion to proceed *in forma pauperis*, the movant must show a financial inability to

---

[1] 28 U.S.C. § 1915(a)(1).

pay the required filing fees. The decision to grant or deny *in forma pauperis* status under § 1915 lies within the "wide discretion" of the trial court.[2]

Based on the information contained in her application, Respondent has shown the inability to pay the required filing fee to institute a civil action.[3] The Court will therefore grant Respondent's request to proceed without the prepayment of fees.

## II.    Screening Pursuant to 28 U.S.C. § 1915

When a party seeks to proceed without the prepayment of fees, § 1915 requires the court to screen the party's complaint. The court must dismiss the complaint if it determines that the action (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief from a defendant who is immune from suit. The purpose of § 1915(e) is to "discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11."[4]

This Court reviews the sufficiency of the pleadings under the same standards as those used when considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6).[5] The complaint "must allege sufficient facts to state a claim which is plausible—more than merely conceivable—on its face."[6] Pursuant to Fed. R. Civ. P. 8(a)(2) a complaint must provide a "short and plain statement of the claims showing that the pleader is entitled to relief." Additionally, the complaint must state more than "labels and conclusions" and "[f]actual allegations must be enough to raise a right to relief

---

[2] *Lister v. Dept. of Treas.*, 408 F.3d 1309, 1313 (10th Cir. 2005) (quoting *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306–07 (11th Cir. 2004)).
[3] *See* Application to Proceed in District Court Without Prepaying Fees or Costs, ECF No. 4.
[4] *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).
[5] *Kay v. Bemis*, 500 F.3d 1214, 1217–18 (10th Cir. 2007).
[6] *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1260 (D. Kan. Jan. 22, 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

beyond the speculative level."[7] Respondent proceeds pro se, thus her pleadings must be construed liberally.[8] However, she still bears the burden to allege "sufficient facts on which a recognized legal claim could be based"[9] and the Court cannot "take on the responsibility of serving as [her] attorney in constructing arguments and searching the record."[10]

"Apart from the court's obligation to screen IFP complaints for merit, the court has an independent obligation to determine if subject-matter jurisdiction exists."[11] "[F]ederal courts are courts of limited subject-matter jurisdiction" and "may only hear cases when empowered to do so by the Constitution and by act of Congress."[12] Further, "A complaint is frivolous within the meaning of § 1915(d), if its subject matter is outside the jurisdiction of the court."[13]

### A. Removal in this Case Is Improper

Under 28 U.S.C. § 1441(a), a party in a state court civil action may remove that action to federal court. However, "an action may be removed from state court to federal court only if a federal district court would have original jurisdiction over the claim in suit."[14] "This jurisdictional prerequisite to removal is an absolute, non-waivable requirement."[15] A party seeking removal bears the burden of satisfying the court's subject matter jurisdiction. The face of the complaint must "demonstrate that subject-matter jurisdiction exists either based on diversity of the parties

---

[7] *Bell Atl. Corp.*, 550 U.S. at 545.
[8] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).
[9] *Id.*
[10] *Mays v. Wyandotte Cnty. Sheriff's Dep't*, 2010 WL 6032763, at *2 (10th Cir. 2011) (citing *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005)).
[11] *Martinez v. Pickering*, No. 21-4083-JAR-ADM, 2021 WL 12146947, at *2 (D. Kan. Dec. 8, 2021), *report and recommendation adopted*, No. 21-4083-JAR-ADM, 2022 WL 21778539 (D. Kan. Feb. 28, 2022) (citing *Gad v. Kan. State Univ.*, 787 F.3d 1032, 1035 (10th Cir. 2015)).
[12] *Gad*, 787 F.3d at 1035.
[13] *Oltremari by McDaniel v. Kan. Social & Rehabilitative Serv.*, 871 F. Supp. 1331, 1333 (D. Kan. 1994).
[14] *Jefferson Cnty, Ala. v. Acker*, 527 U.S. 423, 430 (1999).
[15] *Hunt v. Lamb*, 427 F.3d 725, 726 (10th Cir. 2005) (quoting *Brown v. Francis*, 75 F.3d 860, 864 (3d Cir. 1996)).

under 28 U.S.C. § 1332 or based on a federal question presented by the claim under 28 U.S.C. § 1331."[16]

### 1. Diversity Jurisdiction Is Not Established

Respondent does not allege facts to establish diversity jurisdiction. Respondent does not allege the residency of the Petitioner, and therefore she cannot facially show the Court has jurisdiction based on diversity of the parties pursuant to 28 U.S.C. § 1332.[17] Further, Respondent is a resident of the State of Kansas. And, 28 U.S.C. § 1441(b)(2) bars home-state removal, as an action is not removable on the basis of diversity if any defendant "is a citizen of the State in which the action is brought."[18]

### 2. Federal Question Jurisdiction Is Not Established

Notwithstanding Respondent's claims of error by the state court judge, no basis for federal question jurisdiction is established for removal pursuant to 28 U.S.C. § 1331. Though Respondent vaguely raises Americans with Disabilities ("ADA") and constitutional claims in her notice of removal, this court must decline to exercise jurisdiction on the basis of federal question, as the underlying case is a domestic relations case involving enforcement of child support, maintenance arrears, and child custody issues.[19]

---

[16] *Martinez v. Pickering*, 2021 WL 12146947, at *2.

[17] *Richmond v. Original Juan and Spicin Foods*, No. 21-2500-DDC-TJJ, 2022 WL 103290, at *2 (D. Kan. Jan. 11, 2022) (finding the Court does not have diversity jurisdiction when Plaintiff failed to allege the parties' citizenship).

[18] *See NYMT Loan Financing Trust v. Cummings*, No. 19-cv-2582-KHV, 2020 WL 290951, at *2 (D. Kan. Jan. 21, 2020) (finding removal improper on the basis of diversity jurisdiction when defendant is a Kansas resident attempting to remove case from state court to the District of Kansas).

[19] *See Watson v. State*, No. 15-9930-JAR-JPO, 2016 WL 1359868, at *4 (D. Kan. Apr. 6, 2016), *aff'd*, 668 F. App'x 840 (10th Cir. 2016) ("Although the domestic relations exception is generally considered an exception to diversity jurisdiction, it may also be applied in federal question cases.").

It is well established that "the whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not the laws of the United States."[20] Courts have set forth many policy reasons for such a domestic-relations exception in federal court, including that states have a strong interest in domestic relations and have the expertise and capabilities to settle domestic disputes.[21] Such cases "serve no particular federal interest," and often require ongoing judicial intervention for which federal courts are not suited.[22] Accordingly, federal courts cannot "'reopen, reissue, correct, or modify' an order in a domestic relations case."[23] Here, Respondent asks the Court to do exactly that.[24] However, allowing removal of Respondent's domestic relations case would require this Court to make determinations of child custody, support, and maintenance that are regularly and appropriately decided in state court, and "lie outside federal jurisdictional bounds."[25] Additionally, to the extent Respondent seeks removal to vindicate her civil and constitutional rights in the state court action, dismissal or remand is still required because "a case may not be removed to federal court solely because of a defense or counterclaim arising

---

[20] *Escalante v. Burmaster*, No. 23-3195-JWL, 2023 WL 5275117, at *2 (D. Kan. Aug. 16, 2023) (quoting *Chapman v. Oklahoma*, 472 F.3d 747, 749–50 (10th Cir. 2006)).
[21] *Vaughn v. Smithson*, 883 F.2d 63, 65 (10th Cir. 1989).
[22] *Id.*
[23] *Alfaro v. Cnty of Arapahoe*, 766 F. App'x 657, 659 (10th Cir. 2019) (quoting *Leathers v. Leathers*, 856 F.3d 729, 756 (10th Cir. 2017)).
[24] Corrected Notice of Removal, ECF No. 6, pg. 3 (requesting the court assume jurisdiction over the state court case).
[25] *Redick v. KVC Behavioral Healthcare, Inc.*, No. 19-3129-SAC, 2020 WL 1271929, at *1 (D. Kan. Mar. 17, 2020) (quoting *Marshall v. Marshall*, 547 U.S. 293, 308 (2006)); *See Watson*, 2016 WL 1359868, at *4 (finding the Court does not have federal question jurisdiction when adjudicating defendants' federal claims would also require the federal court to make child support determinations).

under federal law."[26] Therefore, this Court cannot exercise jurisdiction over the matter on the basis of federal question, or otherwise.[27]

The Court also rejects Respondent's contention that the notice of removal "is filed pursuant to 28 U.S.C. § 1443(1), which allows removal of state cases where a person is denied or cannot enforce their civil rights in the courts of such State."[28]  "The United States Supreme Court has established a two part test for section 1443 removal petitions."[29] As applied to Respondent's notice of removal, it must appear (1) that the right allegedly denied Respondent arises under a federal law providing for specific civil rights *stated in terms of racial equality*; and (2) that Respondent has been denied or cannot enforce her specified rights in Kansas State court.[30]  Respondent's notice of removal acknowledges that the specific civil rights Respondent alleges she was denied arise under the ADA for disability discrimination, *not* under a federal law providing for specific civil rights stated in terms of racial equality.[31]  Thus, Respondent fails the section 1443 test; she cannot remove this case to federal court pursuant to 28 U.S.C. § 1443(1).

Because it is clear that Respondent has alleged no facts to support either diversity or federal question jurisdiction the Court lacks subject-matter jurisdiction, and the undersigned U.S. Magistrate Judge recommends this matter be **DISMISSED** or **REMANDED** to the District Court of Anderson County, Kansas for further proceedings.

---

[26] *Topeka Housing Auth. v. Johnson*, 404 F.3d 1245, 1247 (10th Cir. 2005); *Emrit v. Jules*, No. 23-CV-2305-JAR-TJJ, 2023 WL 486490 (D. Kan. July 31, 2023) (recommending dismissal of constitutional and Title VII claims associated with a domestic relations issue when the court lacked subject-matter jurisdiction).
[27] *See Jefferson Cnty, Ala. v. Acker*, 527 U.S. 423, 430 (1999) ("an action may be removed from state court to federal court only if a federal district court would have original jurisdiction over the claim in suit.")
[28] Corrected Notice of Removal, ECF No. 6, p. 1.
[29] *Akhlaghi v. Berry*, 294 F. Supp. 2d 1238, at 1241–42 (D. Kan. 2003).
[30] *Id.* (quoting *State of Colorado v. Lopez*, 919 F.2d 131, 132 (10th Cir. 1990)) (internal quotations omitted).
[31] Corrected Notice of Removal, ECF No. 6, p. 2.

Respondent is hereby informed that, within 14 days after she is served with a copy of this report and recommendation, she may, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, file written objections to the report and recommendation. Respondent must file any objections within the 14-day period allowed if she wants to have appellate review of the recommended disposition. If Respondent does not timely file her objections, no court will allow appellate review.

**IT IS THEREFORE ORDERED** that Respondent's Motion to Proceed Without Prepayment of Fees (ECF No. 4) is granted, but the Court withholds service of process pending District Judge Broomes's § 1915 review.

A copy of this report and recommendation shall be mailed to Respondent.

**IT IS SO ORDERED.**

Dated May 15, 2025, at Kansas City, Kansas.

_Teresa J. James_
Teresa J. James
U. S. Magistrate Judge