IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JONATHAN DAVID LAWSON,<br>Petitioner,<br><br>v.<br><br>ANGELIINA LYNN LAWSON,<br>Respondent, Pro Se | )<br>)<br>)<br>) Case No. 5:25-cv-04045-JWB-TJJ<br>)<br>)<br>)<br>)   JURY TRIAL DEMAND |

RESPONDENT'S OBJECTION TO REPORT AND RECOMMENDATION (ECF NO. 16)

Respondent, Angeliina Lynn Lawson, appearing pro se and under duress, respectfully files this Objection to the Report and Recommendation ("R&R") entered by Magistrate Judge Teresa J. James on May 15, 2025 (ECF No. 16), pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), and D. Kan. Rule 72.1.1(b). This Court should reject the R&R and retain jurisdiction over this matter for the reasons below:

I. STATE COURT LOST JURISDICTION UPON REMOVAL (28 U.S.C. § 1446(d))

The R&R erroneously disregards that removal was affected on May 6, 2025, via timely Notice of Removal under 28 U.S.C. § 1446(d). Pursuant to Supreme Court precedent, the filing of the Notice of Removal in state court strips the state court of all jurisdiction over the matter. See *National Steamship Co. v. Tugman*, 106 U.S. 118, 122 (1882); *Maseda v. Honda Motor Co.*, 861 F.2d 1248, 1254 (11th Cir. 1988).

Despite proper service, the Anderson County District Court conducted a hearing on May 8, 2025, in direct violation of § 1446(d). Respondent was denied access to the Zoom link, real-time participation, subtitles or the CART notes after the hearing. The state court's actions were taken without jurisdiction and are void *ab initio*. The R&R fails to account for these jurisdictional violations.

II. RESPONDENT ASSERTED FEDERAL CIVIL RIGHTS CLAIMS UNDER THE ADA AND § 1983

The R&R incorrectly treats the removal as a domestic relations dispute. This is incorrect. Respondent removed this matter under 28 U.S.C. § 1443(1) due to systemic and ongoing denial of access to courts, and supplemental filings assert federal claims under Title II of the Americans with Disabilities Act (42 U.S.C. § 12132) and 42 U.S.C. § 1983 for denial of access to the courts, judicial retaliation, and deprivation of due process.

The United States Supreme Court in *Tennessee v. Lane*, 541 U.S. 509 (2004), held that Title II of the ADA applies to court systems and guarantees equal access to judicial proceedings. The state court has:

- Denied meaningful access to hearings (no CART access or transcripts, no Zoom links, no captions);
- Conducted proceedings ex parte without notice to Respondent;
- Suppressed and manipulated filings in violation of procedural due process;
- Retaliated against Respondent for asserting ADA rights (see 42 U.S.C. § 12203);
- Engaged in coordinated misconduct among clerks, GAL, therapist, and opposing parties.

These facts place this removal within the scope of *Tennessee v. Lane*, 541 U.S. 509 (2004), which affirms the applicability of ADA Title II to state judicial services.

These are actionable federal civil rights violations that cannot be dismissed as mere "custody" issues.

### III. REMOVAL UNDER 28 U.S.C. § 1443 IS APPROPRIATE

The R&R dismisses Respondent's invocation of 28 U.S.C. § 1443 without applying the controlling standard. While courts have narrowly construed § 1443(1), the Supreme Court in *Georgia v. Rachel*, 384 U.S. 780 (1966), and *Johnson v. Mississippi*, 421 U.S. 213 (1975), held that removal is appropriate where a litigant is effectively denied enforcement of federally protected civil rights in state court.

Respondent alleges a systemic denial of ADA accommodations, refusal to transmit records, blocked from access to own case filings, denied to self-represent, ex parte communications, and tampering and suppression of filings—all of which render it impossible to enforce her federal rights in state court. This invokes the protections of § 1443 and distinguishes this case from ordinary family law matters.

### IV. FEDERAL COURT MUST REQUIRE TRANSMITTAL OF THE STATE RECORD UNDER § 1447(b)

The Clerk of the Anderson County District Court has continued to obstruct transmittal of the state court record in violation of 28 U.S.C. § 1447(b). Respondent filed a Petition for Writ of Certiorari to compel production of the full case file. Clerk has not filed any of the notices or responded to any of my emails requesting access to my file.

Without access to the full record, Respondent cannot effectively litigate or obtain meaningful review. The Court should enforce its authority under § 1447(b) and require the Clerk to transmit the complete official file. Demonstrates further ADA-based exclusion from court access.

### IV. RESPONDENT'S 7TH AMENDMENT RIGHT TO JURY TRIAL

The R&R fails to address Respondent's demand for a jury trial. The Seventh Amendment guarantees the right to a jury in suits involving federal claims, including:

- Civil rights violations under 42 U.S.C. § 1983;
- ADA Title II discrimination and retaliation claims.

Failure to preserve the jury right infringes upon constitutional protections.

**DEMAND FOR JURY TRIAL**
Pursuant to Fed. R. Civ. P. 38 and 42 U.S.C. § 1983, Respondent demands a jury trial on all issues triable by jury, including claims arising under the Americans with Disabilities Act (ADA), retaliation, and civil rights violations under color of law.

V. RESPONDENT IS ENTITLED TO AMEND UNDER 28 U.S.C. § 1653 **AND FED. R. CIV. P. 15**

To the extent the R&R found any defects in the jurisdictional statement or the Notice of Removal, Respondent respectfully requests leave to amend under 28 U.S.C. § 1653. Federal courts routinely permit amendment of defective jurisdictional allegations. See *Morse v. McWhorter*, 290 F.3d 795, 799–800 (6th Cir. 2002).

Respondent has diligently filed Verified Notices, Affidavits, Memos, and Supplemental Notices documenting her claims and jurisdictional grounds. Any deficiency can be cured by amendment.

VI. CONCLUSION

Respondent respectfully requests that the District Court:

1. Reject the R&R (ECF No. 16);
2. Retain jurisdiction over removed action under 28 U.S.C. § 1443(1) and 28 U.S.C. § 1331;
3. Issue an order under § 1447(b) compelling transmission of the state record;
4. Enforce Respondent's right to ADA accommodations and jury trial;
5. Declare the May 8, 2025 state court hearing void under § 1446(d);
6. Grant Respondent leave to amend under Fed. R. Civ. P. 15 and 28 U.S.C. § 1653;
7. Grant such other relief as justice requires.

Respectfully submitted,                                          Dated: May 16, 2025

_____
Angeliina Lynn Lawson, Respondent, Pro Se
1914 5th Ave., Leavenworth, KS 66048
angeliinacourtrecords@gmail.com
(913) 972-1661

## CERTIFICATE OF SERVICE

I hereby certify that on **May 16, 2025**, I filed the foregoing RESPONDENT'S OBJECTION TO REPORT AND RECOMMENDATION (ECF NO. 16) with the Clerk of the District Court of Kansas, and served a true and correct copy of the same by U.S. Mail and/or electronic service to the following:

**Jonathan David Lawson**
7029 Round Prairie St.
Shawnee, KS 66226

Respectfully submitted,                                    Dated: May 16, 2025

*/s/ Angeliina Lynn Lawson*

**Angeliina Lynn Lawson**
1914 5th Ave.
Leavenworth, KS 66048
angeliinacourtrecords@gmail.com
(913) 972-1661