IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JONATHAN DAVID LAWSON,

        Plaintiff,

v.                                                                    Case No. 25-4045-JWB

ANGELIINA LYNN LAWSON,

        Defendant.

## MEMORANDUM AND ORDER

This matter is before the court on Angeliina Lawson's objection (Doc. 17) to Magistrate Judge Teresa James' Report and Recommendation ("R&R") (Doc. 16) recommending dismissal or remand of this action. After review, the court ADOPTS the R&R and remands this action.

**I.**     **Facts and Procedural History**

On May 2, 2025, Defendant Lawson filed a notice of removal in this court. The notice states that Defendant is removing a state court family law matter (Case No. 2020-DM-131) "involving enforcement of child support and maintenance arrears." (Doc. 1 at 2.) Defendant asserts that this court has jurisdiction under 28 U.S.C. § 1443(1) because her civil rights are being denied in state court. Specifically, Defendant contends that she is being denied the right to self-representation, the right to due process, and the right to reasonable accommodations under the Americans with Disabilities Act. (Doc. 1 at 2.) Defendant also cites to 42 U.S.C. § 1983 and states that her civil rights have been violated.

Defendant requests that this court "assume jurisdiction" over this matter, stay the state court action, declare that Defendant has been denied her federally protected rights, and order further proceedings. (Doc. 1 at 4.)

1

Magistrate Judge James entered an R&R recommending dismissal or remand to state court for lack of subject matter jurisdiction. Defendant has filed an objection.

## II.     Standard

On a dispositive matter the district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). A failure to properly object, however, leaves a party with no entitlement to appellate review, and allows the district court to review the R&R under any standard it deems appropriate. *See Williams v. United States*, No. 19-2476-JAR-JPO, 2019 WL 6167514, at *1 (D. Kan. Nov. 20, 2019) (citing *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996)) ("The Tenth Circuit requires that objections to a magistrate judge's recommended disposition 'be both timely and specific to preserve an issue for de novo review by the district court . . .'").

Because Defendant is proceeding pro se, the court is to liberally construe her filings. *United States v. Pinson*, 585 F.3d 972, 975 (10th Cir. 2009). However, liberally construing filings does not mean supplying additional factual allegations or constructing a legal theory on her behalf. *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

## III.    Analysis

Magistrate Judge James determined that removal of this action was improper because this court would not have original jurisdiction of this matter and § 1443(1) is inapplicable. The court agrees. Under 28 U.S.C. § 1441(a), a defendant may remove a state court action to federal court when the case "originally could have been filed in federal court." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). This court does not have original jurisdiction over family law matters. *Hunt v. Lamb*, 427 F.3d 725, 727 (10th Cir. 2005). Therefore, removal was improper under 1441(a).

Further, as stated by Magistrate Judge James, a defense or counterclaim based on federal law also does not provide a basis for this court's jurisdiction. *Hunt*, 427 F.3d at 727.

Plaintiff also asserted that removal was proper under § 1443(1). That statute "allows removal to address the violation of a right to racial equality that is unenforceable in state court." *Hunt*, 427 F.3d at 727 (citing *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)). Plaintiff's notice of removal does not assert that a right to racial equality has been violated. Therefore, she cannot remove the state court action under this statute. Plaintiff's assertion in her objection that § 1443(1) has been expanded to encompass other civil rights is incorrect. *See Marsee v. Serpik*, No. 23-6106, 2023 WL 9529229, at *1 (10th Cir. Aug. 31, 2023) (stating the same standard for removal under § 1443(1)).

Therefore, this court lacks subject matter jurisdiction over this action.

**IV.    Conclusion**

Based on the reasons herein, the court ADOPTS the R&R and remands this matter to the Anderson County District Court.

IT IS SO ORDERED. Dated this 29th day of May 2025.

                                                    __ ___s/ John Broomes_____
                                                    JOHN W. BROOMES
                                                    UNITED STATES DISTRICT JUDGE