IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

ANGELIINA LYNN LAWSON,

Plaintiff, Appellant

v.

JONATHAN DAVID LAWSON,

Defendants, Appellee

Case No. 5:25-cv-04045-JWB-TJJ

(related appeal: 10th Cir. No. 25-3097)

NOTICE OF FILING IN APPELLATE COURT AND REQUEST FOR RECORD
PRESERVATION

Plaintiff, appearing pro se, hereby notifies this Court that the United States Court of Appeals for
the Tenth Circuit is actively reviewing Plaintiff's Motion for Hearing on Fraud Upon the Court,
filed as Dkt. 35 in Tenth Circuit Case No. 25-3097. This filing and its supplement allege ongoing
fraud, retaliation, and misconduct that originated in the record of this District Court and
Anderson County proceedings previously removed.

Pursuant to Fed. R. Civ. P. 60(d)(3), 28 U.S.C. §§ 1446(d), 1331, 1343, and in conjunction with
Fed. R. App. P. 10(e), Plaintiff respectfully requests that this Court:

1. Take notice that a fraud-upon-the-court motion has been referred to the Tenth Circuit's merits panel;

2. Acknowledge that the appellate record has been expanded to include post-removal fraud and obstruction supported by:

   o   Motion to Expand the Record and Request for Judicial Notice (filed Oct. 17, 2025);

   o   FRAP 28(j) Supplemental Factual Brief in Support of Dkt. 35 (filed Oct. 17, 2025);

   o   Certificate of Service establishing Appellee default and email obstruction;

3. Preserve the complete record in this case without dismissal, closure, or summary judgment while appellate review of fraud is pending;

4. Refrain from issuing rulings that may interfere with the Tenth Circuit's jurisdiction, including any action on subsequent filings by parties currently in default or identified as subjects of the fraud scheme;

5. Note that Judge Eric W. Godderz's documented judicial bias has been recognized by the United States Supreme Court in Garrison v. City of Ottawa, Case No. 22-1004 (2023), and is materially relevant to the relief requested on appeal.

| Exhibit | Title | Filing Date | Notes |
|---------|-------|-------------|-------|
| Exhibit 1 | Motion to Expand the Record and Request for Judicial Notice | October 17, 2025 | Filed in Tenth Circuit; includes Exhibits A–L (PFA dismissal, reinstatement, clerk obstruction, etc.) |
| Exhibit 2 | FRAP 28(j) Supplemental Factual Brief in Support of Dkt. 35 | October 17, 2025 | Documents post-referral retaliation, SCOTUS-recognized bias by Judge Godderz, RICO predicate acts |
| Exhibit 3 | SCOTUS Record: Garrison v. City of Ottawa, Case No. 22-1004 | 2023 | Confirmed remand and reassignment of Judge Eric Godderz due to judicial bias and misconduct |

| Exhibit | Title | Filing Date | Notes |
|---|---|---|---|
| 4 | Kansas Court of Appeals Stay Order: Garrison v. Ward (Case No. 21-124662-A) | May 1, 2023 | Court stayed proceedings due to SCOTUS petition and documented nonfeasance and bias by Judge Eric Godderz. Supports pattern of judicial prejudice impacting multiple pro se litigants. |
| 5 | Anderson County Docket Extract (Oct 17, 2025) | October 17, 2025 | Documents post-removal judicial activity and jurisdictional violations |

Plaintiff submits this notice to ensure transparency, constitutional due process, and integrity of the judicial record, and to alert this Court of its continued relevance to the proceedings now before the appellate tribunal.

Respectfully submitted,                                             Dated: October 17, 2025

/s/ Angeliina Lynn Lawson

Angeliina Lynn Lawson, Pro Se

1914 5th Avenue, Leavenworth, KS 66048

AngeliinaCourtRecords@gmail.com

(913) 972-1661

CERTIFICATE OF SERVICE

I hereby certify that on October 17, 2025, I filed the foregoing Notice with the Clerk of the United States District Court for the District of Kansas via CM/ECF and served all parties entitled to notice under the Federal Rules of Civil Procedure.

3

/s/ Angeliina Lynn Lawson

Pro Se Plaintiff

Exhibit 1

IN THE UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

Case No. 25-3097


ANGELIINA LYNN LAWSON,

Appellant,

v.

JONATHAN DAVID LAWSON,

Appellee.


MOTION TO EXPAND THE RECORD AND TAKE JUDICIAL NOTICE

Pursuant to Fed. R. App. P. 10(e)(2)(B), Fed. R. Evid. 201(c)(2), and in furtherance of Appellant's Motion for Panel Ruling on Fraud Upon the Court (Dkt. 35), Appellant respectfully moves to supplement the appellate record and request judicial notice of newly documented fraud, jurisdictional violations, and retaliatory litigation events that have occurred since the referral order of August 25, 2025.

I. Background

On August 25, 2025, this Court referred Appellant's Motion for Hearing on Fraud Upon the Court (Dkt. 35) to the merits panel. Since that referral, the parties below including Appellee Jonathan Lawson, his counsel BreAnne Poe, and Judge Eric W. Godderz have engaged in

continued retaliation, false filings, and extrajudicial obstruction in violation of federal divestiture under 28 U.S.C. § 1446(d).

These actions constitute continuing fraud upon the court under Rule 60(d)(3), obstruction under 18 U.S.C. §§ 1503, 1512, and retaliation under 42 U.S.C. § 12203 and predicate acts under 18 U.S.C. § 1962. They are directly relevant to the integrity of this proceeding and warrant expansion of the record.

II. DOCUMENTS FOR JUDICIAL NOTICE AND RECORD EXPANSION

Appellant respectfully requests judicial notice of the following:

| Exhibit | Description | Date | Docket Index # |
|---|---|---|---|
| A | Notice of Non-Receipt of Orders & Mislabeling | 09/04/2025 | #57 |
| B | Notice: Constitutional Duty & Grand Jury | 09/04/2025 | #58 |
| C | Memorial: Familial Association | 09/04/2025 | #59 |
| D | Notice: Void Orders & Visitation Contradictions | 09/09/2025 | #60 |
| E | PFA Dismissal Order (JO-2025-DM-001727) | 09/24/2025 | N/A (Johnson) |
| F | Notice of Reinstatement of Parental Rights and Custody | 10/13/2025 | #61 & #62 |
| G | Appellee's Motion to Suspend Parenting Time | 10/16/2025 | #63 |
| H | Judicial Notice: Jurisdictional Defect & Predicate Acts + Cease & Desist | 10/16/2025 | #64 |
| I | Judicial Notice: Cease & Desist Preservation | 10/16/2025 | #65 |
| J | Judicial Notice: Withdrawal of Counsel | 10/16/2025 | #66 |
| K | Judicial Notice: Abusive Litigation (Vexatious Conduct) | 10/16/2025 | #67 |
| L | Anderson County Docket Extract | 10/16/2025 | — |

Appellant has been systematically denied access to file-stamped copies of her own filings by the Anderson County Clerk of Court, in direct violation of K.S.A. 60-205, Kansas Supreme Court Rule 119, and federal due process protections. Multiple written requests have been ignored.

Despite formal litigation hold notices, ADA accommodation requests, and oversight alerts issued to the Office of Judicial Administration (OJA), no corrective action has been taken.

Following federal removal of the case on May 6, 2025, under 28 U.S.C. § 1446(d), Appellant was further obstructed when the Anderson County Clerk refused to transmit the designated record for appellate review unless she paid an unlawful fee despite her in forma pauperis status. This refusal violates Fed. R. App. P. 11(b), which prohibits conditioning transmission of the record on fees for indigent parties.

Appellant made good-faith efforts to obtain certified or file-stamped copies of docketed filings to support her appeal. These requests were denied without explanation. The Clerk's office has continued to withhold official records necessary for appellate review, thereby obstructing access to justice and chilling the exercise of federal rights.

This conduct constitutes a continuing pattern of obstruction of justice, denial of equal access under 28 U.S.C. § 1446(d), and retaliation under 42 U.S.C. § 12203(b). The record of denial is documented in Dkt #57 (Notice of Non-Receipt and Docket Mislabeling), and remains ongoing as of October 17, 2025.

Appellant therefore submits true and correct copies of her original filings, cross-referenced to the Anderson County docket extract (Exhibit L), and requests that this Court take judicial notice under Fed. R. Evid. 201(b)(2). Under Fed. R. App. P. 10(e)(2)(B), these materials are necessary to ensure an accurate and complete record of proceedings for appellate review.

III. Legal Basis for Relief

This Court has authority under:

1. Fed. R. App. P. 10(e) to supplement the record to reflect material omissions that "are necessary to the proper presentation of the appeal."

2. Fed. R. Evid. 201 to take judicial notice of public docket events and adjudication.

3. Rule 60(d)(3) (incorporated by reference into the record via Dkt. 12 and Dkt. 35) to review and vacate orders procured by fraud.

The documents submitted bear directly on the credibility of Appellee, the misconduct of counsel, and the systemic fraud described in prior filings. They confirm that the fraud upon the court is not historical, but ongoing. These filings materially support the pending motion (Dkt. 35) and confirm that the fraud is active and escalating, not historical.

VI. Relief Requested

Appellant respectfully requests that this Court:

1. Expand the appellate record under Fed. R. App. P. 10(e)(2)(B) to include the listed documents (Exhibits A–L);

2. Take judicial notice under Fed. R. Evid. 201(c)(2) of:

   o The September 4, 2025 Appellant's constitutional filings and preservation notices

   o The September 24, 2025 PFA dismissal

   o The October 13, 2025 Appellant's Reinstatement of Custody and Parental Rights

   o The October 16, 2025 Appellee's motion filed without standing

3. Enter an affirmative order acknowledging that Appellant's October 13, 2025 filing reinstating full parental rights and custody is binding under federal law, in light of:

   o Appellee Jonathan Lawson's documented defaults in this appeal

   o The filing of Notice of Void Orders and jurisdictional divestiture

     o   No lawful adjudication, hearing, trial or evidence supporting prior custody

         restrictions

4.   Rule on Dkt. 35 without further delay and schedule hearing for fraud upon the court or

     issue supervisory relief;

5.   Refer BreAnne H. Poe and Judge Eric W. Godderz to the DOJ Civil Rights Division and

     U.S. Attorney for investigation under 18 U.S.C. §§ 1503, 1512, 1962 and 42 U.S.C. §

     12203;

6.   Enter a protective order safeguarding both the child and Appellant during the

     reunification and recovery period, prohibiting any further coercive control, intimidation,

     or interference by the father, and ensuring that the parent–child bond may be rebuilt free

     from state obstruction, abusive litigation, or domestic violence-related retaliation.

7.   Preserve all newly submitted filings for final review and incorporate them into the Rule

     60(d)(3) evidentiary analysis.

Respectfully submitted,                        Dated: October 17, 2025

/s/ Angeliina Lynn Lawson

Pro Se Appellant

1914 5th Avenue, Leavenworth, KS 66048

DECLARATION UNDER PENALTIY OF PERJURY

I declare under penalty of perjury under the laws of the United States of America that the
foregoing is true and correct to the best of my knowledge.

Executed on this 17th day of October, 2025.

/s/ Angeliina Lynn Lawson
Angeliina Lynn Lawson, Pro Se Appellant

CERTIFICATE OF SERVICE AND NOTICE OF DEFAULT

I, Angeliina Lynn Lawson, hereby certify that on October 17, 2025, I filed the foregoing Motion to Expand the Record with the Clerk of the United States Court of Appeals for the Tenth Circuit using the CM/ECF system.

Pursuant to Fed. R. App. P. 25(b), I further certify the following:

- Jonathan David Lawson, Appellee, is in default in this appeal and has failed to file a timely responsive pleading as required under the Federal Rules of Appellate Procedure.
- Appellee has not registered for CM/ECF and has actively blocked service to his known email address (jdlawson105@gmail.com), rendering direct service infeasible.
- Appellant has made good-faith efforts to serve Appellee electronically in past filings, but these have been deliberately obstructed as part of ongoing retaliation and custodial interference.
- Therefore, Appellant respectfully submits this Certificate to preserve the record and requests that the Court recognize Appellee's ongoing default and obstruction of service.

Respectfully submitted,

/s/ Angeliina Lynn Lawson
Angeliina Lynn Lawson
Pro Se Appellant

IN THE DISTRICT COURT OF ANDERSON COUNTY, KANSAS

ANGELIINA LYNN LAWSON,
Respondent,

v.

JONATHAN DAVID LAWSON,
Petitioner.

Case No. 2020-DM-131

NOTICE OF NON-RECEIPT OF ORDERS, DOCKET MISLABELING

COMES NOW the Respondent, appearing pro se, and gives notice to this Court as follows:

1. Respondent has not received copies of:
   o The Judge's most recent order Index #51 that was back dated;
   o Petitioner's filed motion Index #55; and
   o Or any other filings that should have been served pursuant to K.S.A. 60-205 and
     Supreme Court Rule 119.
2. Respondent's filing entitled "Notice of Fraud on the Court" has been late by over 2
   months after 3 attempts to fax file were ignored, and 1 mail in filing improperly
   mislabeled in the docket Index #56 as "correspondence," thereby stripping it of its legal
   effect and concealing it from review.
3. The mislabeling of pleadings, denial of service, and refusal to provide file-stamped
   copies of orders constitute fraud on the court, denial of due process, and ADA retaliation.
4. This pattern reflects ongoing corruption and docket tampering within Anderson County,
   depriving Respondent of a fair tribunal, obstructing the appellate record, and insulating
   judicial misconduct from review.

RELIEF REQUESTED

Respondent respectfully demands that:

• The Clerk immediately provide file-stamped copies of all orders and motions entered in
  this matter since August 2024;
• The docket be corrected to accurately reflect Respondent's filings, including the "Notice
  of Fraud on the Court" Exhibit A;
• This Notice be entered into the official record to preserve Respondent's constitutional
  objections for federal review.

Respectfully submitted,                                    Dated: September 4, 2025

/s/ Angeliina Lynn Lawson
Pro Se Respondent

1914 5th Ave.
Leavenworth, KS 66048
AngeliinaCourtRecords@gmail.com
(913) 972-1661

CERTIFICATE OF SERVICE

I certify that on this 4th day of September, 2025, I served a true and correct copy of the foregoing by clerk eFlex filing system, upon:

BreAnne Hendricks Poe
Attorney for Petitioner
427 S. Main Street
Ottawa, KS 66067
breanne@breannepoelaw.com

Respectfully submitted,

/s/ Angeliina Lynn Lawson
Pro Se Respondent

IN THE FOURTH DISTRICT COURT

OF ANDERSON COUNTY, KANSAS

JONATHAN DAVID LAWSON
Petitioner,

v.

ANGELIINA LYNN LAWSON,

Respondent, Pro Se

Case No. 2020-DM-131

NOTICE OF CONSTITUTIONAL DUTY AND DEMAND FOR CLARIFICATION
REGARDING GRAND JURY ACCESS AND ACCOUNTABILITY

To:
Anderson County District Attorney

Steven Wilson
Anderson County Courthouse
100 E 4th Ave
Garnett, KS 66032

COMES NOW the Respondent, appearing pro se, and provides this Notice and Demand for
Clarification in the public record pursuant to her constitutional right to petition government for
redress of grievances, her rights under the Fifth and Fourteenth Amendments to the United States
Constitution, and her statutory rights under 18 U.S.C. § 3332(a).

I. CONSTITUTIONAL AUTHORITY AND FEDERAL OBLIGATIONS

The Fifth Amendment to the United States Constitution states:

"No person shall be held to answer for a capital, or otherwise infamous crime, unless on a
presentment or indictment of a Grand Jury…"

The Kansas Constitution affirms:

"All political power is inherent in the people, and all free governments are founded on their
authority, and instituted for their benefit."

Pursuant to 18 U.S.C. § 3332(a), any federal officer or employee, including a United States
Attorney, receiving information concerning a violation of federal criminal law must present it to
a grand jury.

Additionally, civil rights and corruption matters involving obstruction of justice, custodial interference, retaliation under color of law, and fraud on the court may be grounds for federal grand jury review when state mechanisms are corrupted or obstructed.

## II. RECORD OF JUDICIAL FRAUD AND ENTERPRISE MISCONDUCT

Respondent has now filed four Notices into the Anderson County record on September 4, 2025, documenting:

- Fraud on the court, docket manipulation, and denial of file-stamped orders.
- Constitutional violations of familial association rights.
- Coercive and contradictory supervised visitation under void orders.
- Civil RICO predicate acts including obstruction, mail/wire fraud, and ADA retaliation.
- Spoliation of evidence in violation of Rule 37 and 18 U.S.C. § 1512.

These filings form the factual and procedural foundation of an active federal civil RICO action, *Lawson v. Godderz et al.*, Case No. 6:25-cv-01179 (D. Kan.), in which Anderson County stands at the center of the alleged enterprise—enabling Jonathan Lawson, through his attorney's Randall John Abrams-Wharton and BreAnne Christine Hendricks Poe, to perpetrate a coordinated scheme that has undermined public trust, obstructed justice, and eroded the foundational principles of due process and constitutional governance.

## III. DEMAND FOR CLARIFICATION AND PRESERVATION OF RIGHTS

The Respondent, as one of the People and a beneficiary of the constitutional compact, formally demands that the Anderson County District Attorney confirm the following:

1. Will this office acknowledge the constitutional and statutory right of the People to access a grand jury for matters of systemic fraud, judicial misconduct, and custodial interference under color of law?
2. Will this office transmit the record of ongoing violations in this case to federal or state grand jury authorities, or will it obstruct the lawful exercise of the People's rights?

A formal Petition for Federal Grand Jury Investigation was submitted on July 17, 2025, to the U.S. Attorney's Office for the District of Kansas and multiple federal oversight agencies. That petition details allegations of racketeering, securities fraud, ADA retaliation, and financial entrapment involving Anderson County officials, and remains under active federal review.

Subsequently, on July 29, 2025, Respondent issued a formal complaint and Rule 37 litigation hold notice to the Anderson County Board of Commissioners, Clerk of Court Tina Miller, and the Sheriff's Office, outlining ongoing docket suppression, obstruction of justice, and spoliation of evidence. This complaint was also served upon the Kansas Attorney General and the U.S. Department of Justice.

To date, the Anderson County Commission has taken no corrective action and issued no response. This sustained inaction constitutes constructive notice of complicity and will be

formally preserved as evidence of systemic obstruction in all future filings, including federal RICO proceedings and grand jury referrals.

Whether responded to or not, this notice preserves the issue for federal oversight and review, including filings under 42 U.S.C. § 1983, 18 U.S.C. §§ 1962(c), (d), and 18 U.S.C. § 3332(a).

RELIEF REQUESTED

Respondent respectfully demands that:

1. This Notice be formally entered into the official court record in Case No. 2020-DM-131 and preserved as part of the evidentiary chain for ongoing federal litigation, including *Lawson v. Godderz et al.*, Case No. 6:25-cv-01179 (D. Kan.).
2. The Anderson County District Attorney issue a written response within ten (10) days confirming whether this office will honor the People's right to access a grand jury or continue obstructing such right under color of law.
3. Any failure to respond or act upon this notice shall constitute constructive notice of obstruction, Rule 37 spoliation risk, and will be formally preserved for federal review, grand jury referral, and inclusion in civil RICO proceedings under 18 U.S.C. §§ 1962(c) and (d).

Respectfully submitted,                                              Dated: September 4, 2025

/s/ Angeliina Lynn Lawson
Pro Se Respondent
1914 5th Ave.
Leavenworth, KS 66048
AngeliinaCourtRecords@gmail.com
(913) 972-1661

CERTIFICATE OF SERVICE

I certify that on this 4th day of September, 2025, a true and correct copy of the foregoing was:

- Filed in the Anderson County eFlex system;

BreAnne Hendricks Poe
Attorney for Petitioner
427 S. Main Street

Ottawa, KS 66067
breanne@breannepoelaw.com

- And served by email to:

Anderson County District Attorney
Steven Wilson

swilson@andersonca.org
Anderson County Courthouse
100 E 4th Ave., Garnett, KS 66032

Anderson County Commissioners
c/o Anderson County Clerk
100 E 4th Ave., Garnett, KS 66032
Les McGhee

lmcghee@andersoncountyks.org,

Anthony "Spike" Mersman

amersman@andersoncountyks.org,

Michael Blaufuss

mblaufuss@andersoncountyks.org


/s/ Angeliina Lynn Lawson

Angeliina Lynn Lawson

IN THE COURT OF ANDERSON COUNTY,

KANSAS FOURTH JUDICIAL DISTRICT

Case No. 2020-DM-131

JONATHAN DAVID LAWSON

Petitioner,

v.

ANGELIINA LYNN LAWSON,

Respondent, Pro Se

MEMORIAL AFFIRMING THE PEOPLE'S RIGHT TO FAMILIAL ASSOCIATION AND
DECLARING GOVERNMENTAL INTERFERENCE VOID

COMES NOW the Respondent, appearing pro se, and places into the public record the following
memorial of principle, authority, and constitutional law:

I. FUNDAMENTAL RIGHT TO FAMILIAL ASSOCIATION

The United States Constitution secures the inherent liberty interest of parents and children in
forming and maintaining their family bonds. This liberty is not created by statute but is a natural,
antecedent right recognized and protected under:

- Fifth and Fourteenth Amendments, U.S. Constitution;
- *Troxel v. Granville*, 530 U.S. 57 (2000);
- *Stanley v. Illinois*, 405 U.S. 645 (1972).

No tribunal, officer, or administrative process may sever or condition this right absent due
process of law, with notice, hearing, and proof of necessity.

II. VOID ACTIONS OUTSIDE CONSTITUTIONAL BOUNDS

Orders restricting Respondent's access to her child, entered without subject matter jurisdiction,
due process, or evidentiary hearing, are void ab initio.

- "An unconstitutional act is not a law; it confers no rights; it imposes no duties; it affords
  no protection." *Norton v. Shelby County*, 118 U.S. 425, 442 (1886).
- Any judicial act that restricts familial association without lawful authority is a nullity and
  cannot bind the parties.

## III. LIMITATIONS ON GOVERNMENT POWER

The Bill of Rights is a fence around governmental power, securing parental care, custody, and companionship as part of liberty itself.

- Government actors act as trustees bound by oath.
- Where no jurisdiction exists, there is no judge; where due process is denied, there is no lawful order.

## IV. DECLARATION

Respondent affirms for the record:

1. The right of familial association is sacred, fundamental, and secured by the Constitution.
2. Any order or action severing Respondent from her son absent jurisdiction and due process is void.
3. Supervised visitation, denial of contact, and forced restrictions imposed under void jurisdiction constitute an unconstitutional deprivation of liberty.
4. This Memorial is not a petition for favor, but a reminder of the supreme law binding upon all officers of this State.

### RELIEF REQUESTED

Respondent respectfully demands that this Memorial be entered into the record as a constitutional objection and preserved for appellate and federal review. Any further interference with Respondent's familial rights absent due process is void and unlawful.

Respectfully submitted,                                    Dated: September 4, 2025

/s/ Angeliina Lynn Lawson

Angeliina Lynn Lawson
Pro Se Respondent
1914 5th Ave.
Leavenworth, KS 66048
AngeliinaCourtRecords@gmail.com
(913) 972-1661

### CERTIFICATE OF SERVICE

I certify that on this 4th day of September, 2025, a true and correct copy of the foregoing was served via eFlex upon:

BreAnne Hendricks Poe
Attorney for Petitioner
427 S. Main Street
Ottawa, KS 66067
breanne@breannepoelaw.com


/s/ Angeliina Lynn Lawson

Angeliina Lynn Lawson

IN THE FOURTH DISTRICT COURT

OF ANDERSON COUNTY, KANSAS

JONATHAN DAVID LAWSON
Petitioner,

v.

ANGELIINA LYNN LAWSON,

Respondent, Pro Se

Case No. 2020-DM-131

NOTICE OF VOID ORDERS, CONTRADICTIONS IN SUPERVISED VISITATION, AND
UNCONSTITUTIONAL RESTRICTION OF LIBERTY

COMES NOW the Respondent, appearing pro se, and gives notice to this Court as follows:

## I. VOID FOR LACK OF SUBJECT MATTER JURISDICTION

1. This Court assumed custody jurisdiction despite improper venue and without statutory authority under K.S.A. 23-3218 and K.S.A. 23-3222.
2. Orders restricting Respondent's parental rights were issued without evidentiary hearing, findings of unfitness, or due process.
3. Orders entered without jurisdiction or due process are void ab initio and cannot bind the parties.

## II. CONTRADICTIONS IN SUPERVISED VISITATION

4. The Layne Project formally approved Respondent's residence on April 11, 2025 as an appropriate site for supervised visits. Despite this approval, Father refused every scheduled in-home session.
5. Father repeatedly canceled or delayed supervised visits without consequence:
   o March 31, 2025 – canceled, rescheduled April 12 (12-day gap).
   o April 28, 2025 – canceled, rescheduled May 1 (3-day gap).
   o May 30, 2025 – canceled, refused reschedule until June 12 (13-day gap).
   o July 28, 2025 – canceled, never rescheduled. Loss of parenting time.
6. Father's cancellations and refusals created lengthy separations while the Court simultaneously penalized Respondent when unable to subsidize Father's unpaid share of visitation costs.

## III. HOSTAGE CONDITIONS AND FINANCIAL COERCION

7. Respondent was forced to pay Father's court-ordered share of visitation costs five times ($650 total) just to see their son and the court ignored the coercive control and domestic abuse. Payment needs to be enforced to reimburse Respondent immediately. When unable to continue subsidizing Father's non-compliance, Respondent lost more parenting time for no cause.

8. This scheme holds Respondent's parental rights hostage to financial coercion and the unilateral control of Father, contrary to the Constitution and Kansas law.

## IV. UNCONSTITUTIONAL RESTRICTION OF LIBERTY

9. The United States Supreme Court has recognized the fundamental liberty interest of parents in the care, custody, and companionship of their children. *Troxel v. Granville*, 530 U.S. 57 (2000).

10. Conditioning Respondent's relationship with her son upon supervised visitation under void orders, while allowing Father to obstruct or cancel contact without penalty, constitutes an unlawful restriction on liberty and due process under the Fifth and Fourteenth Amendments.

11. Supervised visitation imposed under void jurisdiction, coupled with financial coercion, is not protective, it is punitive for no cause. It operates as a hostage condition, depriving both mother and child of their constitutional right to familial association.

## V. ENTERPRISE PATTERN AND FEDERAL CIVIL RICO IMPLICATIONS

This supervised visitation scheme is not an isolated judicial error — it is part of a broader pattern of racketeering activity under 18 U.S.C. § 1961(1) and (5), as alleged in the federal civil RICO action *Lawson v. Godderz et al.*, Case No. 6:25-cv-01179 (D. Kan.).

The following elements establish racketeering continuity:

- Custodial interference: Repeated cancellations, refusals to transport the child, and sabotage of reunification therapy.
- Mail/Wire fraud: False court filings and billing practices involving Layne Project and GAL Bolton to manufacture unnecessary supervision and extract fees.
- Obstruction of justice: Mislabeling court filings, suppressing transcripts, and denying ADA accommodations.
- Financial coercion: Poe forcing the Respondent to pay father's obligations, then punishing her when she could not continue subsidizing violations.
- Witness tampering: Father and GAL Bolton threatening the child with consequences for emailing grandmother and disclosing abuse.
- Therapy fraud: Use of non-clinically justified therapy providers selected to manipulate outcomes and delay reunification.
- Fraud on the Court: Willful perjury and subornation of perjury, evidenced by knowingly false court orders, constitute fraud on the court and independently require judicial disqualification. The presiding judge has continued to issue rulings while acting outside lawful subject matter jurisdiction, compounding the due process violations.

This notice documents the predicate acts tied to these violations, which form part of a closed- and open-ended continuity that supports the claims now pending in federal court under 18 U.S.C. § 1962(c) and (d).

This Court has been notified repeatedly that it lacks subject matter jurisdiction, is acting without legal authority, and is participating in unlawful interference with federal rights and protected liberties. Any further enforcement of these void orders constitutes active participation in a federally documented civil racketeering enterprise.

## VI. NOTICE OF SPOLIATION OF EVIDENCE UNDER RULE 37 AND 18 U.S.C. § 1512

Respondent places this Court on formal notice that multiple court appointed providers under the supervision of judge and chief judge of Fourth Judicial District. These court appointed providers have failed to preserve, and in some instances destroyed, medical, visitation, or communication records relating to the supervised visitation process and David's documented trauma, despite:

- active RICO litigation in federal court,
- subpoenas served upon said providers,
- Rule 37 litigation hold notices issued by Respondent, and
- direct email and mailing correspondence demanding preservation of evidence.

This destruction, suppression, or refusal to produce records constitutes spoliation under Rule 37 of the Federal Rules of Civil Procedure, as well as potential obstruction of justice under 18 U.S.C. § 1512(c).

Respondent reserves all rights to pursue sanctions, evidentiary inferences, and further federal relief due to the willful concealment or destruction of evidence necessary to prove her claims of abuse, ADA retaliation, and parental alienation.

## RELIEF REQUESTED

Respondent demands that this Notice be entered into the official record to preserve the following for federal and appellate review:

1. That supervised visitation orders entered without subject matter jurisdiction are void ab initio and were entered for retaliatory and financial purposes.
2. That contradictions in visitation enforcement and selective application of law are evidence of racketeering conduct designed to sabotage reunification and extort Respondent's financial resources.
3. That the denial of unsupervised parenting time and the weaponization of court orders constitute a constitutional deprivation of liberty and are actively under review in federal court as part of a civil RICO enterprise.
4. That this Court is on notice that continued enforcement of such void orders exposes the actors involved to federal scrutiny, civil liability under 42 U.S.C. § 1983, and conspiracy liability under 18 U.S.C. § 1962(d).

Submitted,                                                    Dated: September 4, 2025

/s/ Angeliina Lynn Lawson

Angeliina Lynn Lawson
Pro Se Respondent
1914 5th Ave.
Leavenworth, KS 66048
AngeliinaCourtRecords@gmail.com
(913) 972-1661

CERTIFICATE OF SERVICE

I certify that on this 4th day of September, 2025, a true and correct copy of the foregoing was
served via eFlex upon:

BreAnne Hendricks Poe
Attorney for Petitioner
427 S. Main Street
Ottawa, KS 66067
breanne@breannepoelaw.com

/s/ Angeliina Lynn Lawson

Angeliina Lynn Lawson

ELECTRONICALLY FILED
09/24/2025 11:12:51 AM Central Standard Time
CLERK OF THE JOHNSON COUNTY DISTRICT COURT
CASE NUMBER: JO-2025-DM-001727

Exhibit A

# IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
# CIVIL DEPARTMENT – FAMILY COURT

J.L. _____

      **vs.**　　　　　　　　　　　**Case No. JO-2025-DM-001727**

A.L. _____　　　**Division 1**

## JUDGMENT OF DENIAL OF PROTECTION FROM STALKING ORDER

The Court denies the request for a Final Protection from Stalking Order for the following reasons: (INITIAL AS APPLICABLE)

_____　　Lack of personal jurisdiction because: _____

_____　　Lack of subject matter jurisdiction because: _____

_K.M.P.O_　　Lack of proof of the allegations by a preponderance of the evidence because: no evidence that a reasonable person would be fearful of personal safety as a result of the Defendants actions.

The Court denies this request for a Final Protection from Stalking Order and vacates any ex parte or other orders issues in this case.

IT IS SO ORDERED.

*/s/ Keven O'Grady*　　　　　
District Court Judge

IN THE DISTRICT COURT OF ANDERSON COUNTY, KANSAS

FOURTH JUDICIAL DISTRICT

JONATHAN DAVID LAWSON,

Petitioner,

vs.

ANGELIINA LYNN LAWSON,

Respondent.

Case No. 2020-DM-131

NOTICE OF REINSTATEMENT OF PARENTAL RIGHTS AND INTENT TO RESUME
CUSTODY

Filed for record only pursuant to 28 U.S.C. § 1446(d), K.S.A. 23-3401(b)(2), and the Fourteenth
Amendment Due Process Clause

This filing is a jurisdictional notice, not a motion for relief. The Anderson County District Court
lacks authority to act substantively while appellate and federal proceedings remain pending, yet
it remains the originating docket of record without subject matter jurisdiction. Accordingly, this
notice is submitted solely to preserve the factual record that Respondent, Angeliina Lynn
Lawson, is resuming the lawful exercise of her full and custodial parental rights that have never
been terminated or restricted by any valid judgment.

Jurisdictional Statement

Pursuant to 28 U.S.C. § 1446(d) and the rule of federal supremacy, all further jurisdiction over custody and parenting matters transferred to the United States District Court and the Tenth Circuit Court of Appeals upon removal and appeal. Any contrary act by Anderson County would be void ab initio under *Ex parte Young*, 209 U.S. 123 (1908), and *Forrester v. White*, 484 U.S. 219 (1988). This filing is therefore informational only and does not request nor authorize any ruling by this court.

Factual Basis

On September 17, 2024, the child was removed from the mother before any order existed an extrajudicial act lacking legal authority. On September 21, 2024, Judge Eric W. Godderz issued an ex parte "emergency" temporary custody order granting the father sole custody and denying all contact with the mother, without notice, hearing, evidence, jurisdiction, criminal charges, police reports, DCF investigations, or trial. The order was obtained through knowingly false representations by the father under penalty of perjury, and furthered by the suborned perjury of former GAL Andrew Bolton. BreAnne Poe, acting as counsel, participated in this fraud by facilitating unlawful filings and judicial misrepresentations. These actions executed under the color of law and cloaked in judicial privilege constitute systemic violations of due process, parental liberty rights, and raise grave concerns of judicial corruption and potential bribery.

This temporary custody order has now remained in effect for over ***390 days*** in direct violation of K.S.A. 23-3401(b)(2)**,** which mandates that any <u>contested</u> temporary parenting-time order must be reviewed at an evidentiary trial within 21 days**.** No such trial ever occurred. There was no notice, no hearing, no findings of fact, no evidence, and no police reports or DCF investigations to meet the legal threshold required for ex parte emergency intervention. No lawful justification

2

was ever entered into the record to support the continued deprivation of parenting rights, communication, or access.

This constitutes a per se violation of Respondent's protected liberty interests under *Troxel v. Granville*, 530 U.S. 57 (2000), and *Santosky v. Kramer*, 455 U.S. 745 (1982), and exposes the court's conduct as both statutorily unauthorized and constitutionally indefensible.

To further underscore the constitutional absurdity, even in Child in Need of Care (CINC) proceedings which involve allegations of abuse or neglect supported by sworn agency or law enforcement action the law is far more protective than what occurred here. Under K.S.A. 38-2243, ex parte emergency custody orders expire in 72 hours, and even after a trial, temporary custody cannot extend beyond 60 days without renewed judicial findings. There was again no findings. Yet, in this case, the child was never adjudicated a CINC, no emergency petition was filed, and no abuse or neglect was ever alleged, investigated, or proven. Still, the court imposed a zero-contact, indefinite deprivation of custody for over a year longer than what is allowed even in substantiated abuse cases yet mother was issued severe criminal-like penalties without ever being charged with any criminal acts.

This flagrant disregard for procedural protections not only violates Kansas domestic law under Chapter 23 but would have also failed under the stricter timelines of emergency CINC statutes, making the conduct of this court not just unlawful, but constitutionally indefensible.

Respondent has exhausted all avenues to correct this abuse of judicial power. In a separate civil action (Case No. LV-2025-CV-000070), Jonathan Lawson defaulted by failing to timely file an answer and then later formally waived his right to defend himself in the appeal (Kansas Court of

Appeals Case No. 129341), confirming under Rule 6.02(a)(2) that Appellant's facts stand as uncontroverted. In every forum where constitutional and procedural due process should have been upheld, the record shows: no opposition by Jonathan Lawson, no rebuttal to the filed evidence of void orders, and no defense of his conduct.

While Jonathan Lawson vanishes in court proceedings, he continues in real life to defame, slander, and obstruct: blocking all contact between mother and child, smearing Respondent's name to school officials, medical providers, parents of the child's friends, and extended family; all while failing to pay court-ordered fees and support.

Meanwhile, the Kansas courts have repeatedly shielded Judge Eric W. Godderz, despite the U.S. Supreme Court's remand in *Garrison v. City of Ottawa*, Case No. 22-1004, due to his prejudice, bias, and nonfeasance against a pro se litigant. The Kansas Court of Appeals stayed all proceedings in the related case *Garrison v. Ward*, acknowledging this misconduct and the risk of void rulings. Judge Godderz has been identified in at least two separate SCOTUS proceedings as having acted outside constitutional bounds, including failures to recuse and improper favoring of represented parties over pro se litigants.

Yet in this case, the same judge imposed a year-long zero-contact order without hearing, without notice, without evidence, without trial, or lawful jurisdictional authority, while state courts dismissed every constitutional challenge without reaching the merits. This exposes the State of Kansas to federal liability under 42 U.S.C. § 1983**,** civil RICO (18 U.S.C. § 1962**)**, and ADA retaliation (42 U.S.C. § 12203**).**

The judicial hypocrisy is staggering: a system that silences the mother on the record, while the father vanishes from the docket but continues to cause off-record harm. When SCOTUS has already recognized the same judge's bias in other cases, the refusal to intervene here not only compounds the damage it institutionalizes it.

During supervised visits, D.L. has explicitly stated, *"In order to be close with Dad, I have to erase you."* This heartbreaking statement is not a reflection of D.L.'s will, but evidence of coercive conditioning. Jonathan Lawson has actively removed my contact information from D.L.'s phone, erased me from medical and school records, and repeatedly conveyed through omission and obstruction that I no longer exist in my son's life. For over a year, I have received no photos, no school updates, no academic reports, no health or medication disclosures, and no notice of events, birthdays, holidays, or growth milestones. Jonathan has even prohibited D.L. from calling or texting his grandmother on birthdays or major holidays, further reinforcing the false narrative that D.L. has no mother and no maternal family. These acts are not passive oversights they constitute active parental erasure, consistent with the clinical definitions of coercive control (*Durrant, 2010*), parental alienation behaviors (*Harman & Biringen, 2016*), and psychological abuse (*Baker, 2007*). This prolonged isolation violates the child's right to family and the mother's right to be a parent under both Kansas law and federal constitutional protections, and it must be treated as a serious psychological harm requiring immediate reunification.

## Uncontested Legal Record and Appellee Default

As of this date**,** no party has opposed, denied, or answered the Respondent's filings, in violation of K.S.A. 60-212**,** Rule 6.02(a)(2)**,** and K.S.A. 60-216(b)**.** Under these statutes, the failure to

respond constitutes an admission of all uncontested facts. The record is therefore unrebutted and the claims stand as confessed under Kansas law and federal procedure. Jonathan Lawson has not filed any motion to defend the validity of the September 21, 2024 custody order, nor has he responded to any of Respondent's numerous constitutional notices declaring those orders void for lack of jurisdiction, due process, or lawful authority.

In the Tenth Circuit Court of Appeals (Case No. 25-3097), Appellee Jonathan Lawson has failed to file any response brief, appearance, or opposition to Appellant's:

- Opening Brief (filed July 22, 2025);

- Notice of Fraud on the Court (Dkt. 12);

- Motion to Certify Constitutional Question (Dkt. 28);

- Supplemental Constitutional Filings under Rule 28(j).

The record is thus entirely unrebutted. No court, party, or agency has provided legal justification for continuing to deny Respondent contact with her son. Appellee's silence both on the record and in open court demonstrates a knowing abandonment of legal defense while simultaneously obstructing reunification, defaming the mother in extrajudicial settings, and evading all accountability.

Pattern of Retaliatory Litigation and Extrajudicial Harm

Following the denial of a meritless and frivolous Protection From Stalking order filed by Jonathan Lawson in Case No. JO-2025-DM-001727 and forum shopping, the record reflects that:

6

- Jonathan admitted under oath that he filed the PFA two days after being named in a federal appeal;

- He brought no evidence of threats, injury, stalking, or fear of personal safety;

- He confessed the true purpose was to silence me from accessing courts, medical providers, and parental decision-making;

- The PFA was denied due to lack of evidence under *Ray C.M. v. McKee* standards and I never had to take the stand and I did not have to submit any of my evidence;

- Immediately following the denial, he retaliated with $1.00 maintenance payment and by erasing my contact information from our son's medical records and falsely telling providers that my rights were terminated that they recorded in the medical record. An act of fraudulent medical misrepresentation and retaliation in violation of ADA Title II, 42 U.S.C. § 12203, and 42 U.S.C. § 1983.

This pattern of filing fraudulent court actions, lying under oath, and retaliating after loss of judicial advantage constitutes perjury, obstruction, witness retaliation, and defamation, and is preserved as part of ongoing federal civil rights and RICO litigation.

Notice of Intent and Custody Recovery Schedule

Effective October 11, 2025, Respondent will resume full communication and custody of her son for the uninterrupted recovery of 55 weeks and 4 days of unlawfully denied parenting time. This includes an additional 20 make-up days as compensatory time for supervised visitation hours lost due to the father's willful refusal to comply with payment schedules, cancellations from October 2024 through October 2025 forcing restrictions on supervised visits.

These totals reflect:

- Approximately 10 weeks of delayed visitation start (Oct–Dec 2024);

- 5 canceled visits in June–July 2025;

- Downgrade from weekly to biweekly visits since August 2025.

The total time lost is approximately 72 hours weeks of missed parenting time, converting to 20 full make-up days. The uninterrupted recovery period concludes December 1, 2026, after which standard 50/50 shared custody shall resume and input from our son who will be 16 years old.

Financial Accountability

Jonathan Lawson is in arrears for:

- $650 in supervised visitation fees (5 sessions at $130 each) + 12% interest per K.S.A. 16-204;

- Over one year of unpaid child support ($234/month), enforceable through Kansas CSS wage garnishment without a hearing;

- Additional court-ordered or divorce-decree expenses the mother was forced to cover pursued through small claims court and/or civil Chapter 60 courts with proper jurisdiction.

Garnishment and civil collection actions are pending. The statutory support modification due when the child turned 12 remains unlawfully unaddressed with motion to enforce and modify since 2023 with judicial inaction and no respect to show cause for his incompetency to perform his duty.

## Equal-Protection Remedy

To ensure parity and protection of the mother-child bond, Jonathan Lawson shall have no unsupervised contact with the child during this recovery period. Any contact will only resume after 90 days and must be supervised at the father's full expense at The Layne Project (now known as 4Fam) every other week for two (2) hours. This condition mirrors the one previously imposed unlawfully against the mother and is necessary to prevent further harm. Courts must not selectively impose burdens on one parent while shielding another; applying the same restrictions equally is essential to avoid further evidence of bias, profit-driven decision-making, or undisclosed conflicts of interest.

Jonathan Lawson's access to the child shall remain restricted until he complies with the same rehabilitative reintegration standard previously imposed on the mother, as required under K.S.A. 23-3203 and Fourteenth Amendment Equal Protection Clause.

## Federal Preservation

This notice is filed in connection with ongoing federal litigation and will be preserved for the record in:

- District of Kansas, Case No. 6:25-cv-01179 (RICO);
- Tenth Circuit Court of Appeals, Case No. 25-3097.

Any attempt to obstruct or interfere with reinstatement of Respondent's parental rights may constitute obstruction of justice (18 U.S.C. § 1503) and deprivation of civil rights under color of law (18 U.S.C. § 242).

Notice of Distribution

This notice is being served and filed with:

- Anderson County District Court Clerk (record only);

- Counsel for Jonathan Lawson (BreAnne H. Poe);

- Kansas Child Support Services (CSS);

- Leavenworth County and Jonnson County law enforcement;

Closing Statement

I act under lawful necessity to protect my child from continued psychological harm, educational decline, and court-sanctioned parental alienation. Kansas law and federal constitutional law prohibit prolonged deprivation of parental rights without hearing or justification. Therefore, my parenting rights are reinstated by operation of law.

Submitted,

Angeliina Lynn Lawson

Pro Se Mother and Petitioner

1914 5th Ave, Leavenworth, KS 66048

AngeliinaCourtRecords@gmail.com | (913) 972-1661

CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of October, 2025, a true and correct copy of the foregoing Notice of Reinstatement of Parental Rights and Intent to Resume Custody was served via the clerk's eFlex filing system, upon the following:

BreAnne H. Poe

Counsel for Respondent

The Law Office of BreAnne H. Poe

427 S. Main Street, Ottawa, KS 66067

breanne@breannepoelaw.com

Respectfully,

/s/ Angeliina Lynn Lawson

Pro Se Petitioner

## IN THE DISTRICT COURT OF ANDERSON COUNTY, KANSAS

| | |
|---|---|
| In the Matter of the Marriage of: | ) |
| | ) |
| **JONATHAN DAVID LAWSON,** | )    Case No.  AN-2020-DM-000131 |
| Petitioner, | ) |
| And | ) |
| | ) |
| **ANGELINA LYNN LAWSON,** | ) |
| Respondent. | |

### MOTION TO SUSPEND PARENTING TIME

COMES NOW THE Petitioner/Father, Jonathan Lawson, by and through his counsel, BreAnne Hendricks Poe.  Petitioner/Father requests that Mother's parenting time be suspended. In support of his motion, Father states as follows:

1. The current orders of the Court are that Mother is to have supervised parenting time at the Layne Project one time per week for two hours since October 29th, 2024.

2. Since that time, Mother has had supervised parenting time every other week due to Father being unable to afford supervised parenting time.

3. Most recently, the child's therapist has reached to Father and has expressed concern for the child's mental health and emotional wellbeing due to be subjected to Mother's parenting time.

4. It is Father's understanding that the child's therapist is not recommending parenting for Mother and child.

5. The child has come back from supervised parenting time and has made several concerning statements regarding the visit with Mother and her appropriateness during that visit.

6. Father does not believe that the child's emotional and mental health are being protected during contact with Mother at supervised parenting time because of Mother's instability.

7. Mother has also contacted the child's school and filed in document indicating that she plans to resume her parenting time and contact with the child immediately despite there being an order for only supervised parenting time.

8. Father does not believe that Mother is actively seeking mental health help nor has she complied with the psychological evaluation recommended by the child's previous Guardian ad Litem.

9. Therefore, Father requests that Mother's parenting time be suspended until Mother can comply with the recommendations for a psychological evaluation and Mother actively follows all recommendations from the provider and the child's therapist believe it is in the child's best interest to have contact with Mother.

WHEREFORE, for the foregoing reasons, Father requests that Mother's parenting time be suspended; and for any other orders that are in the child's best interest.

Respectfully submitted,

/s/ BreAnne Hendricks Poe
BreAnne Hendricks Poe, #26444
The Law Office of BreAnne H. Poe
214 S. Hickory
Ottawa, KS 66067
(785) 242-1341 [Phone]
BreAnne@breannepoelaw.com
Attorney for the Petitioner

## CERTIFICATE OF SERVICE

I hereby certify that the above was delivered to Angeliina Lawson, pro se Respondent, via email at angeliinacourtrecords@gmail.com on the 16th day of October, 2025.

/s/BreAnne Hendricks Poe
BreAnne Hendricks Poe

VERIFICATION

Being first duly sworn, of lawful age, upon his oath Jonathan Lawson, states under penalty of perjury under the laws of the State of Kansas that he has read and understood the above and forgoing document; that the facts contained therein are true and correct to the best of his knowledge and belief, and that he has executed the same as his own free act and deed. Executed pursuant to K.S.A. 53,601.

*Jonathan Lawson*
_____
Jonathan Lawson

 **Dropbox** Sign

Audit trail

| | |
|---|---|
| Title | Motion to Suspend Parenting Time.pdf |
| File name | Motion%20to%20Sus...enting%20Time.pdf |
| Document ID | e8286debd5a0b78cc817a47b7f432e7fe671c6a4 |
| Audit trail date format | MM / DD / YYYY |
| Status | ● Signed |

**This document was requested from app.clio.com**

## Document History

| | | |
|---|---|---|
| SENT | **10 / 16 / 2025**<br>16:18:30 UTC | Sent for signature to Jonathan Lawson (jlawson105@gmail.com) from breanne@breannepoelaw.com<br>IP: 64.39.221.61 |
| VIEWED | **10 / 16 / 2025**<br>16:18:42 UTC | Viewed by Jonathan Lawson (jlawson105@gmail.com)<br>IP: 136.33.207.222 |
| SIGNED | **10 / 16 / 2025**<br>16:19:26 UTC | Signed by Jonathan Lawson (jlawson105@gmail.com)<br>IP: 136.33.207.222 |
| COMPLETED | **10 / 16 / 2025**<br>16:19:26 UTC | The document has been completed. |

IN THE DISTRICT COURT OF ANDERSON COUNTY, KANSAS

FOURTH JUDICIAL DISTRICT

JONATHAN DAVID LAWSON,

     Petitioner,

v.

ANGELIINA LYNN LAWSON,

     Respondent.

          Case No. 2020-DM-131

          NO SUBJECT MATTER JURISDICTION

JUDICAL NOTICE OF JURISDICTIONAL DEFECT AND DISQUALIFICATION OF COUNSEL BREANNE H. POE, CEASE AND DESIST DEMAND, AND NEW  PREDICATE ACTS

Respondent Angeliina Lynn Lawson, appearing pro se and under federal protection as a civil rights litigant (Case No. 6:25-cv-01179 and Tenth Circuit Case No. 25-3097) and whistleblower with FBI, IRS, SEC, and DOJ, submits this notice to preserve the record and challenge the unauthorized filing submitted by BreAnne H. Poe on October 16, 2025, titled "Motion to Suspend Parenting Time."

I. LACK OF JURISDICTION

This court lacks subject matter jurisdiction under 28 U.S.C. § 1446(d) because all custody and visitation matters in this case were removed to federal court on May 6, 2025, and subsequently appealed to the Tenth Circuit Court of Appeals.

Any action taken by the Anderson County District Court while federal removal is pending is void ab initio under the doctrine of federal supremacy *Ex parte Young*, 209 U.S. 123 (1908); *Forrester v. White*, 484 U.S. 219 (1988).

## II. DISQUALIFICATION OF COUNSEL

BreAnne H. Poe is currently a named defendant and co-conspirator in multiple active civil rights and RICO actions involving this custody matter. Her continued participation as counsel in this state case violates professional conduct rules, creates a direct conflict of interest, and constitutes ongoing retaliation under federal law.

She is a named defendant in the following pending cases:

- Lawson v. Godderz et al., *D. Kan. Case No. 6:25-cv-01179*

    In this matter, BreAnne Poe is named for her role in a civil RICO enterprise and ADA retaliation scheme, including fraud upon the court, coercive control, and slander of a federally protected party. She is specifically alleged to have suborned perjury, misrepresented facts to the court, and filed pleadings under color of law that directly resulted in the unlawful removal of the Respondent's parental liberties without subject matter jurisdiction, without notice, without hearing, ex parte, without police report, without DCF investigation into Respondent, without evidence, without criminal charges,

without evidentiary trial, interfering with Respondent's custody and blocking

reunification.

- Lawson v. Lawson, *Tenth Circuit Case No. 25-3097*

    This case involves an ongoing appeal from removal proceedings in which Poe is

again named for her participation in false filings, abuse of process, and officer

misconduct that contributed to the judge issuing a slanderous ruling against the

Respondent. Appellee Jonathan Lawson defaulted and waived response in this case. The

appeal includes a pending motion for fraud upon the court under *Hazel-Atlas* doctrine and

seeks redress for Poe's role in enabling judicial retaliation.

- Lawson v. Lawson, *Kansas Court of Appeals Case No. 129635*

    In this appellate matter, Poe's participation is again at issue. The appeal challenges

the trial court's use of slanderous and unverified statements made by Poe and her client,

which were never subject to evidentiary trial of facts. These statements directly

influenced judicial bias and led to judicial slander on the record.

Additionally, Poe's participation violates the subject matter limits imposed in *Writ of Prohibition*

*No. 129285*, filed to prevent Judge Eric W. Godderz from ruling in this custody matter. That writ

was filed based on:

- Prior proven bias rulings against Judge Godderz by the U.S. Supreme Court;

- Lack of subject matter jurisdiction to alter custody without evidentiary hearing;

- Evidence of purposeful alienation ordered against the mother without cause.

Given these facts, BreAnne Poe's continued representation in this matter violates:

- KRPC 1.7(a) – Conflict of Interest: Current Client v. Personal Interest

- KRPC 3.7 – Lawyer as Necessary Witness

- 28 U.S.C. § 1446(d) – Filing into a case that has been removed to federal court

- 42 U.S.C. § 12203(b) – ADA retaliation through litigation abuse

Her pleadings are void, retaliatory, and procedurally defective, and her continued representation constitutes unauthorized practice, obstruction, and professional misconduct.

She is directly implicated in:

- Subornation of perjury (in coordination with GAL Andrew Bolton and Jonathan Lawson);

- Fraud on the court (through unsupported and retaliatory filings);

- Retaliation against a federally protected litigant under 42 U.S.C. § 12203(b);

- Ex parte communication and systematic denial of due process.

Accordingly, any filing by BreAnne H. Poe in this case is legally defective and must be stricken, and she must be disqualified from further participation under Kansas ethical rules, federal conflict provisions, and civil RICO notice requirements.

III. CEASE AND DESIST DEMAND

Respondent hereby issues a formal CEASE AND DESIST DEMAND to BreAnne H. Poe:

You are directed to immediately cease and desist from:

- Filing any further pleadings in this matter on behalf of Jonathan Lawson;

- Communicating with court officials, providers, or agencies as counsel of record;

- Misrepresenting Respondent's federal status, parental rights, or jurisdictional position;

- Participating in any form of litigation involving Respondent in state or federal court.

You are further placed on notice that all such actions may constitute retaliation under 42 U.S.C. § 12203(b), obstruction of justice under 18 U.S.C. § 1503, and further predicate acts under 18 U.S.C. § 1962 (civil RICO). These actions will be preserved as part of the federal litigation record and may result in sanctions or disciplinary action.

## IV. WEAPONIZED SMEAR CAMPAING AND OFFICER MISCONDUCT

BreAnne Poe, as a named federal defendant, has filed a retaliatory and defamatory frivolous pleading on October 16, 2025, titled "Motion to Suspend Parenting Time," which repeats knowingly false statements already disproven by the record. This filing constitutes:

- Subornation of perjury by reasserting allegations adjudicated as baseless in the failed PFS trial filed by Jonathan Lawson (Case No. JO-2025-DM-001727);

- Defamation and libel per se, asserting that Respondent is mentally unstable, retaliatory, or a risk to her child, despite no court ever issuing a termination order or psychiatric finding;

- Fraud on the court, as documented in Index #30 and in the federal Motion for Panel Review (Dkt. 35, Tenth Circuit), wherein Appellee's entire case rests on fabricated statements made by officers of the court and then repeated as fact;

- Obstruction of appellate jurisdiction, in violation of 28 U.S.C. § 1446(d), as this matter is pending before the Tenth Circuit in Appeal No. 25-3097 and no remand has been issued;

- Abuse of litigation to silence protected federal speech under ADA and Title II retaliation (42 U.S.C. § 12203(b)).

Appellee Jonathan Lawson, now in total default in the Tenth Circuit since August 21, 2025, and having failed to appear or oppose any motion for fraud, lacks standing to request any further relief. His counsel, BreAnne Poe, acting as a federal defendant and officer of the court, has no legal capacity to file into the Anderson docket and her actions now expose her to Rule 11(b) sanctions, contempt, and complaint to the Kansas Disciplinary Administrator and DOJ Public Integrity Section.

V. NEW PREDICATE ACT – KNOWINGLY FALSE FILING AND SUBORNED PERJURY BY JONATHAN LAWSON

On October 16, 2025, Jonathan David Lawson personally signed and submitted the Motion to Suspend Parenting Time prepared by BreAnne H. Poe, a named federal defendant and disqualified attorney of record.
By attaching his signature to this motion, Jonathan Lawson knowingly adopted and endorsed multiple false, defamatory, and hearsay statements that lack any evidentiary basis and are contradicted by the record.

This motion:

- Relied entirely on unverified statements from an unnamed therapist who has never met or evaluated Respondent;

- Contained no supporting exhibits, reports, affidavits, or admissible evidence;

- Was filed without jurisdiction, without cause, without any new evidence of a police report or DCF investigation or criminal charges and without Respondent ever being contacted for clarification;

- Was submitted despite Jonathan Lawson's full knowledge that the allegations were already disproven in PFS Case No. JO-2025-DM-001727, where the court found no abuse, no threats, no fear, ho harm, and no criminal conduct.

These actions constitute:

- Subornation of perjury and fraud upon the court, in violation of 18 U.S.C. §§ 1503, 1512, 1343, and Fed. R. Civ. P. 11(b);

- Custodial interference and retaliation under K.S.A. 21-5409 and 42 U.S.C. § 12203(b);

- Conspiracy to obstruct justice with a disqualified officer of the court, furthering the racketeering scheme described in D. Kan. Case No. 6:25-cv-01179.

- The Motion to Suspend Parenting Time constitutes a vexatious and abusive filing, made without evidence or lawful basis, and should be treated as a frivolous pleading subject to sanctions under K.S.A. 60-211(b) and Rule 11(b).

Jonathan Lawson's signature on this knowingly false motion is direct evidence of his active participation in ongoing perjury, ADA retaliation, and obstruction of reunification.

It also establishes that both he and BreAnne Poe are continuing to act under color of law to deprive Respondent of parental rights without evidence, without hearing, and in defiance of federal appellate jurisdiction.

VI. FEDERAL PRESERVATION

This notice will be preserved in:

- *D. Kan. Case No. 6:25-cv-01179* (Civil Rights, ADA, RICO);

- *Tenth Circuit Appeal No. 25-3097*;

- Any future Rule 11(b), Rule 37, and contempt proceedings regarding obstruction, spoliation, and jurisdictional abuse.

## VII. Reaffirmation of Reinstatement and Standing Objection to Further Obstruction

This notice reaffirms that the Respondent's parental rights are not only reinstated but were never lawfully terminated by any valid judgment, evidentiary trial, criminal charges, notice, subject matter jurisdiction, no hearing, no evidence, abuse of emergency ex parte methods, potential judicial bribery or due process procedure. All attempts to interfere with custody, visitation, or communication without lawful cause, hearing, or evidence remain void ab initio and constitute continuing violations of:

- K.S.A. 23-3401(b)(2) – Temporary orders exceeding statutory limits without trial;

- K.S.A. 23-15a01 – Equal parental access to information and participation;

- 28 U.S.C. § 1446(d) – Improper state filings during federal removal;

- 42 U.S.C. §§ 1983, 12203(b), 1503 – Civil rights violations and ADA retaliation.

Respondent objects to any further state court activity, filings, or representations made by parties under current federal litigation or default status, and reaffirms her standing demand that custody and access be restored without delay.

As of the date of this filing, Respondent has been unlawfully prevented from executing the parenting time reinstated on October 11, 2025, due to the father's continued obstruction, which is hereby preserved as an ongoing denial of custody and compensable parenting time under K.S.A. 23-3401(b)(2) and federal due process.

## VIII. REFERRAL FOR SANCTIONS, PERJURY, AND FRAUD UPON THE COURT

Respondent preserves the record for formal motion and disciplinary referral against BreAnne H. Poe and Jonathan Lawson for their continued participation in:

- Filing knowingly false pleadings;

- Relying on therapists who have never evaluated Respondent;

- Recycling disproven allegations from failed PFA proceedings;

- Misrepresenting Respondent's rights and status to the court;

- Coordinating defamatory narratives and ex parte influence without evidence or trial.

These acts constitute violations of K.S.A. 60-211(b), Rule 11(b), and KRPC 3.3 & 4.1, and will be subject to federal sanctions motions, bar complaints, and judicial misconduct reports in both Kansas and federal jurisdictions.

Respondent respectfully demands that this Court take no further action on any motion filed by BreAnne H. Poe or any party until jurisdiction is clarified by the Tenth Circuit.

Respectfully submitted,                                                        October 16, 2025

/s/ Angeliina Lynn Lawson

Respondent – Pro Se

1914 5th Ave, Leavenworth, KS 66048

AngeliinaCourtRecords@gmail.com

(913) 972-1661

**NOTICE:** This filing preserves federal jurisdiction under 28 U.S.C. § 1446(d).

Judge Eric W. Godderz has never held subject matter jurisdiction in this case, as no evidentiary hearing was held, no lawful custody order was entered, and all parental rights proceedings are pending before the United States District Court and the Tenth Circuit Court of Appeals.

Any further orders issued in this court are void ab initio and subject to federal review under the Supremacy Clause, 28 U.S.C. §§ 1331, 1343, and 1443(1).

CERTIFICATE OF SERVICE

I hereby certify that on this 16th of October, 2025 a true and correct copy of the foregoing Notice of Jurisdictional Defect and Disqualification of Counsel was delivered via eFlex and email to:

BreAnne H. Poe

The Law Office of BreAnne H. Poe

214 S. Hickory, Ottawa, KS 66067

breanne@breannepoelaw.com

/s/ Angeliina Lynn Lawson

Respondent – Pro Se

IN THE DISTRICT COURT OF ANDERSON COUNTY, KANSAS

FOURTH JUDICIAL DISTRICT

JONATHAN DAVID LAWSON,

Petitioner,

v.

ANGELIINA LYNN LAWSON,

Respondent.

Case No. 2020-DM-131

NO SUBJECT MATTER JURISDICTION

FRAUD ON THE COURT

REMOVED TO TENTH CIRCUIT #25-3097

## JUDICIAL NOTICE OF FILING OF CEASE AND DESIST DEMAND DUE TO COMMUNICATION BLOCK BY JONATHAN LAWSON

Respondent Angeliina Lynn Lawson, appearing pro se, hereby files this Judicial Notice to preserve the record and formally notify the Court and all interested parties that service of the Cease and Desist Demand issued on October 16, 2025, was obstructed by Petitioner Jonathan David Lawson through willful blocking of Respondent's official legal communications account: AngeliinaCourtRecords@gmail.com and personal email Angeliinalawson@gmail.com.

This obstruction constitutes a denial of lawful service, evidentiary spoliation, and ongoing retaliation in violation of Respondent's federally protected rights under 42 U.S.C. §§ 1983, 12203(b), 1512, 1513 and K.S.A. 21-5409 (custodial interference).

## I.    FACTUAL BASIS

1. On October 16, 2025, Respondent issued a formal Cease and Desist Demand via email to Jonathan Lawson and his attorney, BreAnne H. Poe, regarding continued custodial interference, retaliation, undue judicial influence and fraud upon the court.

2. The original email was sent from Respondent's official litigation email address: AngeliinaCourtRecords@gmail.com.

3. On the same day, the message bounced back with a delivery failure notice, indicating that Petitioner has blocked Respondent's federally recognized service email, thereby interfering with formal legal service.

4. Respondent subsequently forwarded the same communication through her personal email account to ensure the message was preserved and delivered.

5. These emails and delivery failure notices are attached as Exhibits A through C:

   o   Exhibit A: Cease and Desist Email (Original)

   o   Exhibit B: Forwarded Email with Service Notification from Personal Email.

   o   Exhibit C: Delivery Failure Notice / Blocked Message Return from Court Official Email.

## II.    PRESERVATION AND NOTICE

This filing places the Court on notice that Respondent has exercised due diligence in attempting to serve Petitioner and his counsel, and that any future claim of non-receipt, failure to serve, or untimely response is rebutted by these preserved communications.

Petitioner's act of blocking lawful communications from a federally protected pro se litigant will be preserved as part of the record in:

- *D. Kan. Case No. 6:25-cv-01179*
- *Tenth Circuit Case No. 25-3097*

This Judicial Notice is being filed to ensure proper service through the Court docket and to maintain a public and judicial record of willful obstruction.

Respectfully submitted,                                    Dated: Octboer 16, 2025

/s/ Angeliina Lynn Lawson

Respondent – Pro Se

1914 5th Avenue, Leavenworth, KS 66048

AngeliinaCourtRecords@gmail.com | (913) 972-1661

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Judicial Notice of Filing and Preservation of Cease and Desist Demand and Exhibits A-C were served via eFlex and email this 16th day of October, 2025 to:

BreAnne H. Poe

The Law Office of BreAnne H. Poe

214 S. Hickory

Ottawa, KS 66067

breanne@breannepoelaw.com

Jonathan David Lawson

7029 Round Prairie Street., Shawnee KS 66226

Jdlawson105@gmail.com

/s/ Angeliina Lynn Lawson

Respondent – Pro Se

IN THE DISTRICT COURT OF ANDERSON COUNTY, KANSAS

FOURTH JUDICIAL DISTRICT

JONATHAN DAVID LAWSON,

Petitioner,

v.

ANGELIINA LYNN LAWSON,

Respondent.

Case No. 2020-DM-131

NO SUBJECT MATTER JURISDICTION

FRAUD ON THE COURT

REMOVED TO TENTH CIRCUIT #25-3097

JUDICIAL NOTICE AND DEMAND FOR FORMAL WITHDRAWAL OF COUNSEL

BREANNE H. POE

Respondent Angeliina Lynn Lawson, appearing pro se, files this Judicial Notice and Demand to

formally document that attorney BreAnne H. Poe, having been disqualified due to ongoing

federal litigation, conflict of interest, and ethical misconduct, must immediately submit a

Withdrawal of Appearance in this matter.

I. BACKGROUND

1. BreAnne Poe entered her appearance in this case on the record as attorney for Petitioner

   Jonathan Lawson (Index #12).

2. As of October 2025, she is a named federal defendant and/or co-conspirator in:

- o *Lawson v. Godderz et al.*, D. Kan. Case No. 6:25-cv-01179

- o *Lawson v. Lawson*, Tenth Circuit Appeal No. 25-3097

- o *Lawson v. Lawson*, Kansas Court of Appeals Case No. 129635

3. Poe has continued to submit false fraudulent filings after being formally disqualified by Respondent, including a motion filed October 16, 2025 (Index #63), without standing, no evidence, no subject matter jurisdiction, no trial, no hearing or proper service.

4. On October 16, 2025, Respondent issued a Cease and Desist Demand with formal instructions for Poe to file her Withdrawal of Appearance within 24 hours.

## II. PRESERVATION AND DEMAND

This filing preserves the record for:

- Formal Rule 11(b) sanctions in federal court;

- Disciplinary referral to the Kansas Office of the Disciplinary Administrator;

- Future bar complaints and civil rights enforcement.

Respondent respectfully demands that attorney BreAnne H. Poe file a formal Withdrawal of Appearance within 24 hours of the timestamp of this filing, and that she concurrently email a notice of service directly to Respondent, given that the Clerk of Court is already on record for procedural irregularities, including docket tampering and administrative conduct that has enabled fraud and facilitated ongoing misconduct in this case.

Failure to comply will be preserved as further retaliation and misconduct under:

- KRPC 1.7(a) – Conflict of Interest

- KRPC 3.7 – Lawyer as Necessary Witness

- 42 U.S.C. § 12203(b) – ADA retaliation

- 18 U.S.C. § 1503, § 1512, § 1962 – Obstruction and civil RICO

Respectfully submitted,                          Dated: October 16, 2025

/s/ Angeliina Lynn Lawson

Respondent – Pro Se

1914 5th Avenue, Leavenworth, KS 66048

AngeliinaCourtRecords@gmail.com | (913) 972-1661


CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Judicial Notice and Demand for

Withdrawal of Counsel was served via eFlex and email this 16th day of October, 2025, to:


BreAnne H. Poe
The Law Office of BreAnne H. Poe
214 S. Hickory
Ottawa, KS 66067
breanne@breannepoelaw.com

Jonathan David Lawson
7029 Round Prairie Street., Shawnee KS 66226
Jdlawson105@gmail.com


/s/ Angeliina Lynn Lawson
Respondent – Pro Se

IN THE DISTRICT COURT OF ANDERSON COUNTY, KANSAS

FOURTH JUDICIAL DISTRICT

JONATHAN DAVID LAWSON,

    Petitioner, Appellee

v.

ANGELIINA LYNN LAWSON,

    Respondent, Appellant

Case No. 2020-DM-131

NO SUBJECT MATTER JURISDICTION

FRAUD ON THE COURT

REMOVED TO TENTH CIRCUIT #25-3097

IN THE UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT

*Appeal from the United States District Court for the District of Kansas*

*D.C. No. 5:25-CV-04045-JWB-TJJ*

JUDICIAL NOTICE TO PRESERVE THE RECORD OF ABUSIVE LITIGATION AND

VEXATIOUS CONDUCT BY JONATHAN DAVID LAWSON

Respondent/Appellant Angeliina Lynn Lawson, appearing pro se, hereby submits this Judicial

Notice to preserve the record and place the Court and federal forums on notice that Petitioner,

Appellee Jonathan David Lawson is engaged in a documented pattern of vexatious, retaliatory,

and frivolous litigation, constituting abuse of process, psychological coercion, and continued obstruction of parental rights.

## I. PATTERN OF LITIGATION ABUSE

Petitioner/Appellee , has engaged in the following conduct:

1. Filed knowingly false pleadings, including the October 16, 2025 Motion to Suspend Parenting Time (Index #63) relying on inadmissible hearsay, unqualified third-party statements, and no evidentiary support.

2. Submitted six or more motions and filings over a 12-month period that are duplicative, retaliatory, and designed to smear, defame, slander, alienate and isolate the Respondent, Appellant.

3. Coordinated with attorney BreAnne Poe, a disqualified and named federal defendant, to use litigation as a weapon of intimidation and obstruction.

4. Repeatedly obstructed communication, including by blocking Respondent, Appellant's official legal service email.

5. Leveraged false abuse narratives and therapist hearsay to condition, intimidate and alienate the minor child against the Respondent/Appellant through promises of gifts, privileges, and psychological bribery conduct which constitutes emotional and psychological coercion, threats, intimidation of witness, custodial interference (K.S.A. 21-5409), and federal retaliation under 42 U.S.C. § 12203(b).

6. Used the court to perpetuate a false narrative of maternal instability, unfit, needs psychological evaluation, has no parental rights while actively engaging in manipulation

of the child to reject and erase his mother, including incentivizing the child with

vacations, gifts, and unrestricted privileges in exchange for estrangement and erasure.

7. Demonstrated a persistent abuse of judicial process to mask custodial interference, deny

   medical access, suppress mother-child contact, block reunification efforst and override

   protective boundaries using procedural delay and false statements.

## II. PRESERVATION FOR DESIGNATION AS VEXATIOUS LITIGANT

This filing places the Court and federal oversight bodies on notice that Petitioner/Appellee

Jonathan Lawson meets the pattern of conduct consistent with designation as a vexatious litigant

under applicable standards. Respondent, Appellant reserves the right to seek:

- Sanctions;

- Filing restrictions;

- Evidentiary rebuttal of all pending filings;

- Federal injunctive relief in related RICO and civil rights matters.

Respondent/Appellant further notifies the Court that all future abusive filings by Jonathan

Lawson will be preserved as additional predicate acts under:

- 18 U.S.C. § 1962 (civil RICO);

- 42 U.S.C. § 1983 (due process denial);

- 42 U.S.C. § 12203(b) (ADA retaliation).

## III. PFS Case No. JO-2025-DM-001727: Perjury and Abusive Litigation in the Protection from Stalking Proceeding

In the Johnson County PFS matter JO-2025-DM-001727, Jonathan Lawson committed perjury and impeached himself on the stand and presented knowingly false testimony that was later contradicted by his own admissions and by the court's findings of "no evidence that a reasonable person would be fearful of personal safety" in the final dismissal order dated September 24, 2025 due to _zero evidence_ of stalking.

Jonathan's sworn testimony falsely claimed that Appellant threatened or harassed him. Yet, under oath, he conceded that:

- He had no police reports;

- No witnesses or corroborating evidence existed;

- He was not physically assaulted, threatened, or placed in fear; and

- His true motive was to "stop Respondent, Appellant filings" to silence a whistleblower exposing corruption, an enterprise, racketeering, collusion, potential briber of judicial officers, ADA retaliation, cover up abuse of a child with disabilities, intimidate a witness, extort arrears for personal gain, and prevent change of venue from a judge that has been proven to be biased against pro se litigants in two cases in front of United States Supreme Court.

These admissions constitute direct impeachment of his own testimony and prove that the PFS was filed not for protection but for retaliatory and defamatory purposes a calculated abuse of process designed to mislead the court and harm Respondent/Appellant's reputation and relationship with their minor child.

The court's own ruling after evidentiary trial, denying the petition for lack of proof of fear or harm, establishes that Jonathan's claims were false, malicious, and perjurious. J

Jonathan's conduct fulfills the definition of an abusive litigant under Kansas and federal standards: repeatedly filing baseless actions for personal revenge, financial advantage, and reputational destruction match his actions of sending $1.00 mockery arrears payments shows contempt of court and disregard to any judicial forum or rule of law.

IV. Federal Fraud-on-the-Court Proceedings: Tenth Circuit Case No. 25-3097

The United States Court of Appeals for the Tenth Circuit has formally docketed an Order for Respondent/Appellant's Motion for Hearing on Fraud on the Court and Constitutional Oversight, now referred to the merits panel for adjudication.

Jonathan Lawson despite proper service failed to answer or respond to any filings in that appeal, including:

- The Notice of Fraud on the Court (Dkt. 12, July 11, 2025);
- The Opening Brief (Dkt. 27, July 22, 2025); and
- The Motion for Panel Ruling on Fraud and Constitutional Oversight (Dkt. 35, August 25, 2025).

On August 28, 2025, Appellant filed a Notice of Appellee's Failure to File Response Brief or Oppose Pending Motions, establishing Jonathan's default under Fed. R. App. P. 31(c). Jonathan has thereby waived his right to plead or defend in the Tenth Circuit appeal. Under federal law,

this waiver entitles Appellant to proceed ex parte and to seek entry of judgment on her filings alone.

Jonathan's refusal to participate confirms his recognition that the underlying orders he relied upon including the void PFS and the Leavenworth LV-2025-CV-000070 judgment cannot withstand scrutiny. His silence in federal proceedings constitutes a waiver of all defenses and corroborates his pattern of using state-court filings as false instruments while retreating when called to defend under oath.

V. Effect of Federal Default: Right to Strike and Nullify Void State-Court Actions

Because Jonathan Lawson has defaulted in the federal fraud-on-the-court matter (10th Cir. No. 25-3097) and in the related Leavenworth appeal LV-2025-CV-000070, he has waived his rights to contest or defend the validity of any lower-court orders procured through fraud, perjury, or jurisdictional defect. Respondent/Appellant is therefore entitled to move to strike those void actions and have them declared null ab initio.

His serial defaults, combined with perjurious testimony in the Johnson County PFS, demonstrate that Jonathan is the abusive litigant weaponizing the courts to perpetuate falsehoods while evading accountability once judicial review commences. The record now supports an official finding that Jonathan Lawson's filings constitute fraud on the court, retaliatory abuse of process, and vexatious litigation warranting sanctions, filing restrictions, and federal oversight under:

- 18 U.S.C. § 1962(c) (civil RICO predicate acts);

- 42 U.S.C. § 1983 (due-process violations); and

- 42 U.S.C. § 12203(b) (ADA retaliation).

VI. Legal Authority Supporting Designation of Jonathan Lawson as a Vexatious or Abusive Litigant

Kansas courts possess inherent authority to restrict filings where a party repeatedly abuses judicial process. *In re Marriage of Johnson*, 50 Kan. App. 2d 687 (2014); *Pierce v. Board of County Comm'rs*, 200 Kan. 74 (1967).

As recognized in *Flores Rentals v. Flores*, 283 Kan. 476 (2007), and *McCain v. McCain*, 219 Kan. 780 (1976), repetitive, piecemeal litigation undermines judicial economy and constitutes abuse. Jonathan Lawson's serial filings dismissed for lack of evidence demonstrate this pattern.

Moreover, under *In re Adoption of Baby Girl P.*, 291 Kan. 424 (2010), courts must avoid fragmented proceedings; yet Jonathan continues to initiate overlapping actions even while appeals are pending, confirming his status as a vexatious, abusive litigant whose conduct warrants filing restrictions and sanctions.

Respectfully submitted,                              Dated: October 16, 2025

/s/ Angeliina Lynn Lawson

Respondent, Appellant – Pro Se

1914 5th Avenue, Leavenworth, KS 66048

AngeliinaCourtRecords@gmail.com | (913) 972-1661

CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing JUDICIAL NOTICE TO PRESERVE THE

RECORD OF ABUSIVE LITIGATION AND VEXATIOUS CONDUCT BY JONATHAN

DAVID LAWSON was served via eFlex and email this 16th day of October, 2025, to:

Jonathan David Lawson

7029 Round Prairie Street., Shawnee KS 66226

Jdlawson105@gmail.com

BreAnne H. Poe

The Law Office of BreAnne H. Poe

214 S. Hickory

Ottawa, KS 66067

breanne@breannepoelaw.com

/s/ Angeliina Lynn Lawson

Respondent, Appellant – Pro Se

**Public Portal Family Type Case**

## Case Summary

🔒 **Case No. 2020-DM-000131**

| | | | |
|---|---|---|---|
| In the Matter of the Marriage of Jonathan David Lawson | § | Location: | **Anderson County** |
| vs Angeliina Lynn Lawson | § | Judicial Officer: | **Godderz, Eric W** |
| | § | Filed on: | **09/02/2020** |

---

### Case Information

---

**Statistical Closures**
11/10/2020  Settled Without Judical Conf or Hearing

Case Type: DM Marriage Dissolution/Divorce

Case Status: **11/10/2020  Post Judgment**

---

### Party Information

---

| | | |
|---|---|---|
| **Petitioner** | **Lawson, Jonathan David** | ~~Abrams-Wharton, Randall John (Inactive)~~ ~~Retained~~ |
| | | **Poe, Breanne Christine Hendricks** ***Retained*** |
| **Respondent** | **Lawson, Angeliina Lynn** | **Pro Se** |
| | | ~~Wood, Ronald Phillip (Inactive)~~ ~~Retained~~ ~~Schowengerdt, Daniel J (Inactive)~~ ~~Retained~~ ~~Spangler, Jennifer Elizabeth (Inactive)~~ ~~Retained~~ |

---

### Case Events

---

| | |
|---|---|
| 09/01/2020 | INF: Information (Generic) |
| | *JUDGES NOTES* |
| 09/02/2020 | PLE: Petition |
| | *Petition for Divorce PLE: Petition* |
| 09/02/2020 | INF: Information (Generic) |
| | *Voluntary Entry of Appearance, Waiver of Answer and Waiver of Notice INF: Information (Generic)* |
| 09/02/2020 | INF: Child Support Worksheet - No Judge Signature Requested |
| | *Child Support Worksheet INF: Child Support Worksheet - No Judge Signature Requested* |
| 09/02/2020 | INF: Parenting Plan |
| | *Proposed Parenting Plan INF: Parenting Plan* |
| 09/02/2020 | AFF: Affidavit (Generic) |
| | *Domestic Relations Affidavit of Jonathan Lawson AFF: Affidavit (Generic)* |
| 09/02/2020 | AFF: Affidavit (Generic) |
| | *Domestic Relations Affidavit of Angeliina Lawson AFF: Affidavit (Generic)* |
| 09/02/2020 | INF: Trial Exhibit |
| | *Property Settlement Agreement INF: Exhibit* |
| 09/02/2020 | AFF: Affidavit (Generic) |
| | *Affidavit of Angelina Lawson AFF: Affidavit (Generic)* |
| 09/02/2020 | MOT: Motion (Generic) |
| | *Motion to Withdraw MOT: Motion (Generic)* |
| 11/04/2020 | MOT: Motion (Generic) |
| | *Motion to Withdraw* |

## Case Summary

🔒 Case No. 2020-DM-000131

| | | |
|---|---|---|
| 11/09/2020 | ORD: Decree<br>*Decree of Divorce* | |
| 11/09/2020 | ORD: Withdraw<br>*Order to Withdraw as Counsel of Record* | |
| 05/18/2023 | INF: Entry of Appearance<br>*Entry of Appearance (D. Schowengerdt)* | |
| 07/13/2023 | MOT: 28-179 - Modify Motion<br>*Motion to Modify and Enforce*<br>Party:   Respondent Lawson, Angeliina Lynn<br>*Motion to Modify and Enforce* | |
| 07/13/2023 | INF: Trial Exhibit<br>*Exhibit A*<br>Party:   Respondent Lawson, Angeliina Lynn<br>*Exhibit A* | |
| 07/18/2023 | NOT: Notice - No Sheriff Service Required<br>*Notice of Hearing (August 10, 2023, at 9:30am)* | |
| 08/07/2023 | INF: Entry of Appearance<br>*Entry of Appearance (Breanne Poe)* | |
| 09/18/2023 | PLE: Response - Answer<br>*Petitioner's Response to Respondent's Motion to Modify and Enforce* | |
| 11/15/2023 | INF: Information (Generic)<br>*CR Rhonda Rhodes Wise* | |
| 12/13/2023 | INF: Information (Generic)<br>*CR Rhonda Rhodes Wise* | |
| 01/08/2024 | INF: Entry of Appearance<br>*Entry of Appearance (Jennifer Spangler)* | |
| 01/08/2024 | MOT: Motion (Generic)<br>*Motion for Continuance* | |
| 02/07/2024 | INF: Information (Generic)<br>*CR Rhonda Rhodes Wise* | |
| 02/22/2024 | INF: Information (Generic)<br>*CR Rhonda Rhodes Wise* | |
| 03/25/2024 | INF: Trial Exhibit<br>*Updated Exhibit A $3,366.16- Spangler* | |
| 03/25/2024 | INF: Information (Generic)<br>*CR Rhonda Rhodes Wise* | |
| 03/27/2024 | NOT: Notice - No Sheriff Service Required<br>*Notice of Submission pursuant to Rule 133* | |
| 03/27/2024 | MOT: Motion (Generic)<br>*Motion to Withdraw* | |
| 03/29/2024 | MOT: Motion (Generic)<br>*Motion to Enforce and Motion to supplement* | Index # 1 |
| 03/29/2024 | MOT: Motion (Generic)<br>*Motion to Modify Custody, Parenting time, and Support* | Index # 2 |
| 03/29/2024 | MOT: Appoint - Guardian Ad Litem<br>*Motion for Appointment of Guardian Ad Litem* | Index # 3 |
| 03/29/2024 | NOT: Notice - No Sheriff Service Required<br>*Certificate of Service of Interoggs and Rfpd* | Index # 4 |
| 07/15/2024 | INF: Information (Generic)<br>*Certificate of Service* | Index # 5 |
| 07/15/2024 | INF: Information (Generic) | Index # 6 |

## Case Summary

🔒 **Case No. 2020-DM-000131**

*Certificate of Service*

| | | |
|---|---|---|
| 07/15/2024 | AFF: Affidavit (Generic)<br>*Domestic Relations Affidavit* | Index # 7 |
| 07/15/2024 | MOT: Response<br>*Petitioner's Response to Respondent's Motion to Modify Custody, Parenting Time* | Index # 8 |
| 07/15/2024 | INF: Information (Generic)<br>*CR Rhonda Rhodes Wise* | Index # 9 |
| 07/26/2024 | ORD: Appoint Guardian Ad Litem<br>*Order Appointing Guardian Ad Litem (D. Lawson - 2010)* | Index # 10 |
| 07/29/2024 | MOT: Motion (Generic)<br>*Emergency Motion to Suspend Parenting Time and Sole Legal Custody* | Index # 11 |
| 08/01/2024 | INF: Entry of Appearance<br>*Substitution of Counsel (Breanne Poe)* | Index # 12 |
| 08/08/2024 | INF: Information (Generic)<br>*CR Rhonda Rhodes Wise* | Index # 13 |
| 08/28/2024 | INF: Entry of Appearance<br>*Entry of Appearance (Ronald P. Wood)* | Index # 15 |
| 08/28/2024 | INF: Information (Generic)<br>*CR Rhonda Rhodes Wise* | Index # 14 |
| 08/29/2024 | MOT: Motion (Generic)<br>*Motion for Emergency Ex Parte Temporary Orders* | Index # 16 |
| 09/19/2024 | INF: Information (Generic)<br>*CR Rhonda Rhodes Wise* | Index # 17 |
| 09/21/2024 | ORD: Order (Generic)<br>*Temporary Orders* | Index # 18 |
| 09/27/2024 | ORD: Withdraw<br>*Order To Withdraw (Daniel Schowengerdt)* | Index # 19 |
| 10/03/2024 | INF: Information (Generic)<br>*CR Rhonda Rhodes Wise* | Index # 20 |
| 10/07/2024 | MOT: Motion (Generic)<br>*Motion to Change Venue* | Index # 21 |
| 10/29/2024 | INF: Information (Generic)<br>*CR Rhonda Rhodes Wise* | Index # 22 |
| 11/20/2024 | ORD: Order (Generic)<br>*Journal Entry Regarding 10-29-24 Hearing* | Index # 23 |
| 11/21/2024 | MOT: Motion (Generic)<br>*Motion for Payment of Guardian Ad Litem Fees* | Index # 24 |
| 12/12/2024 | INF: Information (Generic)<br>*CR Rhonda Rhodes Wise* | Index # 25 |
| 12/31/2024 | MOT: Transcript<br>*Request for Transcripts* | Index # 26 |
| 02/19/2025 | MOT: Motion (Generic)<br>*Motion for Psychological Test* | Index # 27 |
| 02/24/2025 | MOT: Motion (Generic)<br>*Motion for Psychological Testing of Father* | Index # 28 |
| 02/26/2025 | INF: Information (Generic)<br>*CR Rhonda Rhodes Wise* | Index # 29 |
| 03/04/2025 | AFF: Affidavit (Generic)<br>*Affidavit filed by Respondent* | Index # 30 |
| 03/31/2025 | INF: Information (Generic) | Index # 31 |

Public Portal Family Type Case

## Case Summary

🔒 **Case No. 2020-DM-000131**

*Supervised Parenting Time Court Report*

| | | |
|---|---|---|
| 03/31/2025 | AFF: Affidavit (Generic) | Index # 32 |
| 04/14/2025 | MOT: Motion (Generic)<br>*Motion to Withdraw Attorney & Notice of Self-Representation* | Index # 33 |
| 04/21/2025 | NOT: Notice (Generic)<br>*Rule 170 Notice - Journal Entry Regarding Psychological Testing* | Index # 34 |
| 04/21/2025 | NOT: Notice (Generic)<br>*Notice & Objection to Rule 170 Filing by Non-Party GAL* | Index # 35 |
| 04/22/2025 | INF: Information (Generic)<br>*Master Notice of Federal Conflict, Retaliatory Custodial Interference, ADA Obstruction & Due Process Violations* | |
| Index # 36 | | |
| 04/22/2025 | INF: Information (Generic)<br>*Supplemental to Affidavit of Angeliina Lawson* | Index # 37 |
| 04/23/2025 | MOT: Motion (Generic)<br>*Motion to Withdraw* | Index # 41 |
| 04/23/2025 | MOT: Motion (Generic)<br>*Motion to Recuse Judge Eric W Godderz & Chief Judge Taylor Wine* | Index # 38 |
| 04/23/2025 | INF: Information (Generic)<br>*Notice of Guardian Ad Litem Misconduct & Federal Escalation* | Index # 39 |
| 04/23/2025 | MOT: Motion (Generic)<br>*Motion to Transfer Venue to Johnson County, Kansas* | Index # 40 |
| 04/28/2025 | INF: Information (Generic)<br>*Notice of Noncompliance, Custodial Interference & Fraud on the Court* | Index # 42 |
| 05/05/2025 | INF: Information (Generic)<br>*Obection to Judicial Denial of Self-Represnetation & Enforced Legal Counsel* | Index # 43 |
| 05/08/2025 | INF: Correspondence<br>*Correspondence:Notice of Removal Under 28 U.S.C 1443* | Index # 44 |
| 05/08/2025 | INF: Information (Generic)<br>*CART notes from Hearing (5/08/2025)* | Index # 45 |
| 05/08/2025 | INF: Information (Generic)<br>*CR Rhonda Rhodes Wise* | Index # 46 |
| 05/13/2025 | INF: Information (Generic)<br>*Designation of Record for Federal Removal - 5:25-cv-04045* | Index # 47 |
| 05/14/2025 | ORD: Withdraw<br>*Order to Withdraw - Respondent's Counsel (Ronald Wood)* | Index # 48 |
| 05/22/2025 | MOT: Motion (Generic)<br>*Motion to Withdraw (Andrew L Bolton)* | Index # 49 |
| 05/22/2025 | MOT: Motion (Generic)<br>*Motion for Payment of GAL Fees* | Index # 50 |
| 06/06/2025 | ORD: Order (Generic)<br>*Order Permitting Withdrawal (Andrew Bolton, GAL)* | Index # 51 |
| 06/09/2025 | NOT: Notice (Generic)<br>*Notice of Custodial Interference, Family Law Non-Compliance & Judicial Record Preservation* | Index # 52 |
| 06/11/2025 | INF: Memorandum<br>*Memorandum & Order:filed in the United States District Court* | Index # 53 |
| 06/19/2025 | MOT: Motion (Generic)<br>*Petitioner's Motion to Modify Payment for Supervised Parenting Time* | Index # 55 |

06/20/2025
NOT: Notice (Generic)
*Notice of Docket Manipulation, Non-Service, and Demand for Record Preservation Regarding GAL Withdrawal Order (Index #51)*
Index # 54

## Case Summary

🔒 Case No. 2020-DM-000131

| | | |
|---|---|---|
| 08/08/2025 | INF: Correspondence<br>*Correspondence* | Index # 56 |
| 09/04/2025 | INF: Information (Generic)<br>*Notice on Non-Receipt of Orders, Docket Mislabeling* | Index # 57 |
| 09/04/2025 | INF: Information (Generic)<br>*Notice of Constitutional Duty & Demand for Clarification Regarding Grand Jury Access & Accountability* | |
| Index # 58 | | |
| 09/04/2025 | INF: Information (Generic)<br>*Memorial Affirming the People's Right to Familial Association & Declaring Governmental Interference Void* | |
| Index # 59 | | |
| 09/09/2025 | INF: Information (Generic)<br>*Notice of Void Orders, Contradictions in Supervised Visitation & Unconstitutional Restriction of Liberty* | |
| Index # 60 | | |
| 10/14/2025 | INF: Information (Generic)<br>*Notice of Reinstatement of Parental Rights and Intent to Resume Custody* | Index # 61 |
| 10/14/2025 | INF: Information (Generic)<br>*Notice of Reinstatement of Parental Rights and Intent to Resume Custody* | Index # 62 |
| 10/16/2025 | MOT: Motion (Generic)<br>*Motion to Suspend Parenting Time* | Index # 63 |
| 10/16/2025<br>NOT: Notice (Generic)<br>*No Subject Matter Jurisdiction Judical Notice of Jurisdictional Defect and Disqualification of Counsel Breanne H Poe, Cease and Desist Demand and Predicate Acts*<br>Index # 64 | | |
| 10/17/2025 | NOT: Notice (Generic)<br>*Judicial Notice of Filing of Cease & Desist Demand Due to Communication Block by Jonathan Lawson* | Index # 65 |
| 10/17/2025 | NOT: Notice (Generic)<br>*Judicial Notice & Demand for formal Withdrawal of Counsel BreAnne H Poe* | Index # 66 |
| 10/17/2025 | NOT: Notice (Generic)<br>*Judicial Notice to Preserve the Record of Abusive Litigation & Vexatious Conduct by Jonathan David Lawson* | |
| Index # 67 | | |

---

## Dispositions

---

| | |
|---|---|
| 11/10/2020 | **Settled w/o Judicial Conf or Hearing**  (Judicial Officer: Godderz, Eric W) |

---

## Hearings

---

| | |
|---|---|
| 08/10/2023 | **Status Conference**   (9:30 AM)   (Judicial Officer: Godderz, Eric W)<br>*BY VIDEO*<br>*No Court Appearance Required - Hearing Not Held* |
| 10/19/2023 | **Status Conference**   (9:45 AM)   (Judicial Officer: Godderz, Eric W)<br>*BY VIDEO*<br>*No Court Appearance Required - Hearing Not Held* |
| 11/15/2023 | **Status Conference**   (9:00 AM)   (Judicial Officer: Godderz, Eric W)<br>*BY VIDEO*<br>*Hearing Held* |
| 12/13/2023 | **Status Conference**   (11:30 AM)   (Judicial Officer: Godderz, Eric W)<br>*BY VIDEO*<br>*Hearing Held* |

Public Portal Family Type Case

## Case Summary

🔒 **Case No. 2020-DM-000131**

01/10/2024 **Bench Trial** (1:00 PM) (Judicial Officer: Godderz, Eric W)
*IN PERSON - 2 HRS*
*Hearing Held*

02/07/2024 **Status Conference** (11:45 AM) (Judicial Officer: Godderz, Eric W)
*BY VIDEO*
*Hearing Held*

02/22/2024 **Status Conference** (2:00 PM) (Judicial Officer: Godderz, Eric W)
*BY VIDEO*
*Hearing Held*

03/25/2024 **Status Conference** (1:00 PM) (Judicial Officer: Godderz, Eric W)
*BY VIDEO*
*Hearing Held*

07/15/2024 **Bench Trial** (1:30 PM) (Judicial Officer: Godderz, Eric W)
*IN PERSON - 1/2 DAY*
*Hearing Held*

08/01/2024 **Motion** (4:30 PM)
*Hearing Held*

08/08/2024 **Status Conference** (9:30 AM) (Judicial Officer: Godderz, Eric W)
*ZOOM*
*Hearing Held*

08/28/2024 **Status Conference** (2:00 PM) (Judicial Officer: Godderz, Eric W)
*ZOOM*
*Hearing Held*

09/19/2024 **Hearing** (9:30 AM) (Judicial Officer: Godderz, Eric W)
*ZOOM*
*Hearing Held*

10/03/2024 **Status Conference** (9:45 AM) (Judicial Officer: Godderz, Eric W)
*ZOOM*
*Hearing Held*

10/29/2024 **Status Conference** (11:00 AM) (Judicial Officer: Godderz, Eric W)
*ZOOM - MOTION TO CHANGE VENUE FILED*
*Hearing Held*

12/12/2024 **Status Conference** (10:30 AM) (Judicial Officer: Godderz, Eric W)
*ZOOM*
*Hearing Held*

02/26/2025 **Motion** (10:30 AM) (Judicial Officer: Godderz, Eric W)
*ZOOM - MOTION FOR EVALUATION*
*Hearing Held*

03/07/2025 **Court Review - No Appearance** (8:00 AM) (Judicial Officer: Wine, Taylor J)

05/08/2025 **Status Conference** (9:00 AM) (Judicial Officer: Godderz, Eric W)
*ZOOM*
*Hearing Held*

Exhibit 2

IN THE UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

Case No. 25-3097

ANGELIINA LYNN LAWSON,

Appellant,

v.

JONATHAN DAVID LAWSON, et al.,

Appellees.

FRAP 28(j) SUPPLEMENTAL FACTUAL SUPPORT

OF ORDER FOR HEARING OF FRAUD UPON THE COURT

(Documenting Post-Referral Misconduct, Retaliation, and Jurisdictional Violations Since August 25, 2025)

I. PURPOSE AND CONTEXT

This submission supplements Appellant's Motion for Hearing on Fraud Upon the Court (Dkt. 35) with an expanded evidentiary timeline and documentation of ongoing enterprise activity and jurisdictional obstruction between August 25 and October 17, 2025. The misconduct is not hypothetical or historical; it is active, escalating, and federally significant.

This record now includes:

- Multiple retaliatory filings post-removal,

- Jurisdictionally void orders executed under color of state law,

- Default and non-responsiveness of Appellee,

- Perjury and therapy fraud as predicate acts,

- Continued judicial misconduct by Judge Eric W. Godderz,

- SCOTUS-recognized bias by Judge Godderz in prior rulings. See Garrison v. Ottawa,
  Case No. 22-1004

- Kansas Appellate Court recognized bias by Judge Godderz in prior rulings. See 21-
  124662-A

## II. TIMELINE OF ENTERPRISE ACTIVITY AND OBSTRUCTION

| Date | Actor | Event Description |
|------|-------|-------------------|
| Aug 25, 2025 | Tenth Circuit | Dkt. 35 referred to merits panel. |
| Sept 4, 2025 | Appellant | Three judicial notices filed in Anderson County (Exhibits A–C), including docket fraud, ADA interference, and demand for grand jury. |
| Sept 9, 2025 | Appellant | Notice of Void Orders & Supervised Visitation contradictions filed. |

| Date | Actor | Event Description |
|------|-------|-------------------|
| Sept 24, 2025 | Johnson County | PFA dismissed. Jonathan Lawson admits he filed it to stop court filings. Judge rules "no evidence of stalking or harm". (Ex. E) |
| Oct 13, 2025 | Appellant | Notice of Reinstatement of Parental Rights & Custody filed (Ex. F). |
| Oct 16, 2025 | Jonathan Lawson & Poe | Motion to Suspend Parenting Time filed using hearsay from unnamed therapist (Ex. G). |
| Oct 16, 2025 | Appellant | Filed four Judicial Notices: Jurisdictional Defect (Ex. H), Cease & Desist (Ex. I), Withdrawal of Counsel (Ex. J), and Vexatious Conduct (Ex. K). |

## III. LEGAL ANALYSIS – FRAUD, RICO, RETALIATION

### A. Fraud on the Court & Void Jurisdiction

Despite federal removal on May 6, 2025 and appeal on July 22, 2025, Appellee continued to file retaliatory motions and seek orders from Anderson County in direct violation of 28 U.S.C. § 1446(d). These filings are void ab initio.

Judge Eric Godderz, already identified by the U.S. Supreme Court for unconstitutional bias in pro se matters and continues to enable unlawful post-removal orders, allowing clerk to not file documents or mislabel them, refusing to protect ADA rights or enforce jurisdictional limits.

B. RICO Predicate Acts and Enterprise Pattern

The following predicate acts under 18 U.S.C. § 1961(1) support the RICO claim now pending in

D. Kan. 6:25-cv-01179:

- Mail/Wire Fraud: False therapy narratives transmitted via filings (Ex. G)

- Obstruction of Justice: Mislabeling, spoliation, refusal to transmit court records

- Custodial Interference: Blocking reunification while knowing federal orders control custody

- Perjury: PFA pleadings contradicted by in-court testimony

- Retaliation: Appellee and Poe coordinated filings within 48 hours of Appellant's federal reinstatement

- Judicial Bribery/Shielding: Misuse of procedural default and non-service to prevent SCOTUS access

C. SCOTUS Bias Recognition: Judge Godderz

The Supreme Court accepted judicial notice of bias by Judge Godderz in Garrison v. City of

Ottawa (Case No. 22-1004). That ruling resulted in remand and reassignment of judge. Yet the

same judge remains the architect of the custody deprivations in this case despite no subject

matter jurisdiction, refusal to hold change of venue hearings, operating a forum shielded from

scrutiny by clerk obstruction and retaliatory litigation abuse.

IV. RELIEF REQUESTED

Appellant respectfully requests:

1. Judicial notice of the expanded record, including Exhibits A–L (see Motion to Expand the Record);

2. Affirmation that Appellant's reinstatement of parental rights (Oct 13, 2025) is binding, given Appellee's default and lack of lawful custody ruling;

3. Referral of Judge Godderz and BreAnne Poe to DOJ and U.S. Attorney for investigation under:

   o 18 U.S.C. §§ 1503, 1512, 1519 (Obstruction, Spoliation)

   o 42 U.S.C. § 12203 (ADA Retaliation)

   o 18 U.S.C. §§ 1962(c), (d) (Civil RICO)

4. Ruling on Dkt. 35 and setting immediate hearing for fraud upon the court under Hazel-Atlas, Buck, and Ackerman.

## CERTIFICATE OF SERVICE

I hereby certify that on October 17, 2025, I filed and served the foregoing Supplemental Factual Brief in Support of Hearing on Fraud Upon the Court through the CM/ECF system.

Respondent Jonathan David Lawson has defaulted in this appeal and has actively blocked communication by email, making direct service infeasible and obstructive under federal procedure. Accordingly, service is effectuated via CM/ECF filing to preserve the record and judicial notice of default.

/s/ Angeliina Lynn Lawson

Angeliina Lynn Lawson, Pro Se

Exhibit 3

A1

## APPENDIX A:

### IN THE APPELLATE COURT OF THE STATE OF KANSAS

| | | |
|---|---|---|
| Kurt Garrison | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Levy Ward | ) | |
| Jean Ward | ) | Case No. 21-124662-A |
| Todd Burroughs | ) | |
| Unknown doe(s) | ) | |

Defendants

Title to Real Property Involved
Chapter 60 Kansas Code of Civil Procedure

### MOTION TO STAY ALL PROCEEDINGS PENDING DISPOSITION BY SUPREME COURT OF THE UNITED STATES

Comes now Plaintiff - Appellant Kurt Garrison, unrepresented by counsel, moving the Kansas Court of Appeals for good cause to stay all proceedings in this court and all Kansas courts regarding this case, pending disposition by the Supreme Court of the United States (SCOTUS).

#### Facts

1. *Garrison v. City of Ottawa, et al.*, 20-CV-12 (first case) was filed January 24, 2020 by Kurt Garrison as plaintiff proceeding without counsel in the Franklin County District Court.

A2

2. This case, *Garrison v. Ward, et al*, 20-CV-79 (second case) was filed November 18, 2020 by Kurt Garrison proceeding without counsel in the Franklin County District Court some 10 months after *Garrison v. City of Ottawa, et al., id.* (first case) was filed.

3. Both cases were presided over by District Judge Eric Godderz. Garrison filed motions to change judge in both cases which were heard and denied by Judge Godderz on June 15, 2021.

4. Garrison filed identical affidavits to remove Judge Godderz as trial judge in this case (second case) and *Garrison v. City of Ottawa, et al., id.* (first case) listing facts in the affidavits that occurred in both this case and *Garrison v. City of Ottawa, et al, id.*

5. District Judge Witteman ruled that Garrison's affidavits in both cases were insufficient to remove Judge Godderz and Judge Godderz was re-assigned as trial judge in both cases.

6. Judgment was entered January 19, 2021 in *Garrison v. Ottawa, et al. id.* (first case).

7. Judgment was entered October 28, 2021 in *Garrison v. Ward, et al. id.* (second case).

8. Order denying discretionary review in *Garrison v. Ward, et al.* (second case) was entered October 28, 2022 by the Kansas Supreme Court one year after journal entry was filed in the district court.

9. Order denying discretionary review in *Garrison v. City of Ottawa, et al. id.* (first case) was entered December 15, 2022 by the Kansas Supreme Court about a year and 9 months (21 months) after the journal entry was filed in the district court.

10. The Kansas Supreme Court Order denying discretionary review in *Garrison v. City of Ottawa, et al. id.* (first case) was filed *after* Kansas Supreme Court Order denying discretionary review was filed in this case (second case).

A3

11. The delay in *Garrison v. City of Ottawa, et al. id.* (first case) was due to non-feasance of Judge Godderz (See pp. 27-29 of writ of certiorari, *infra.*)

12. Garrison filed a petition for writ of certiorari in *Garrison v. City of Ottawa, et al. id.* (first case) with the Supreme Court of the United States due in part to Judge Godderz' prejudice against Garrison proceeding without counsel, and bias in favor of parties represented by counsel, (See pp. 27-36 of writ of certiorari). A true copy of said petition for writ of certiorari is attached as exhibit A adopted by reference, incorporated herein, and made a part hereof.

13. Proceedings in the trial court in this case *Garrison v. Ward, et al. id.* (second case) showing prejudice of Judge Godderz against Garrison are included in said petition for writ of certiorari, *id.* See Appendix A at pp. 34-36.

14. Order of SCOTUS remanding *Garrison v. City of Ottawa, et al., id.* (first case) to the district court and assigning a different trial judge due to Judge Godderz'a prejudice against Garrison, renders the judgment of the trial court in *Garrison v. City of Ottawa, et al., id.* void.

15. This second case *Garrison v. Ward, et al. id.*, adjudicated by District Judge Godderz **after** *Garrison v. City of Ottawa, et al., id.* (first case), also becomes void when SCOTUS remands *Garrison v. City of Ottawa, et al., id.* to the district court before another trial judge due to prejudice of Judge Godderz against Garrison as detailed in said petition for writ of certiorari attached as exhibit A.

**RELIEF**

From the foregoing and as a matter of law, the Kansas Court of Appeals and all Kansas courts should stay all proceedings in this case pending disposition of *Garrison v. City of Ottawa, et al., id.* by the Supreme Court of the United States.

This 24th day of March 2023

/s/ Kurt Garrison, BSME, J.D.

B1

APPENDIX B:

## IN COURT OF APPEALS OF THE STATE OF KANSAS

Case No. 124,662

KURT GARRISON,
*Plaintiff - Appellant,*

v.

Levy Ward and Jean Ward.
*Defendant - Appellees.*

### ORDER

The court grants Appellant's motion to stay all proceedings pending disposition by the Supreme Court of the United States. Appellant is ordered to serve and file with the Clerk of the Appellate Court by June 1, 2023, a written report on the status of the pending petition for writ of certiorari, with status reports to follow on the first day of each month while pending.

Dated this 1st day of May 2023.

FOR THE COURT

/s/, Jacy J. Hurst

_____

JACY J. HURST, Presiding Judge

C1

APPENDIX C:

## SUPREME COURT OF THE UNITED STATES

Kurt Garrison
*Petitioner,*

v.                                   Case No. 22-1004

City of Ottawa
Wynndee Lee, Jim Sherman, Curt Altic
*Respondents*

*On petition for certiorari from the Kansas Supreme
Court, Order denying Discretionary Review dated
December 15, 2022, and Kansas Court of Appeals
Case no. 124309.*

### MOTION TO TAKE JUDICIAL NOTICE OF
### SUBSEQUENT ORDER OF KANSAS COURT OF
### APPEALS ACKNOWLEDGING NONFEASANCE,
### PREJUDICE AND BIAS OF TRIAL JUDGE

Comes now Petitioner Kurt Garrison, unrepresented
by counsel, filing this Motion to Take Judicial Notice
of Subsequent Order of Kansas Court of Appeals
Acknowledging Non Feasance, Prejudice, and Bias of
Trial Judge per Supreme Court Rule 21.1, prepared
per Supreme Court Rule 33.2 and moving the
Supreme Court of the United States (SCOTUS) for
good cause to take judicial notice of Order dated May
1, 2023 issued by the Kansas Court of Appeals (after
December 22, 2022 Order of Kansas Supreme Court
denying discretionary review) acknowledging

C2

nonfeasance of trial judge in this case, prejudice and bias of trial judge in this case and subsequent case *Garrison v. Ward, et al.* Kan. App. no. 21-124662.

### Facts Justifying Judicial Notice

1.  This case filed March 13, 2023 in this Supreme Court by petition by writ of certiorari, was originally filed in the Franklin County Kansas District Court January 24, 2020 by Kurt Garrison as plaintiff proceeding without counsel as *Garrison v. City of Ottawa, et al.*, 20-CV-12 (first case).

2.  *Garrison v. Ward, et al,* 20-CV-79 (second case) was filed November 18, 2020 by Kurt Garrison proceeding without counsel in the Franklin County Kansas District Court some 10 months after this first case was filed in the district court.

3.  Both cases were presided over by District Judge Eric Godderz (trial judge). Garrison filed motions to change judge in both cases which were both heard and denied by Judge Godderz on June 15, 2021.

4.  Garrison immediately filed identical affidavits to remove Judge Godderz as trial judge in this first case and *Garrison v. Ward, et al., id.* (second case) listing facts in affidavits that occurred in both this case, *Garrison v. Ward, et al., id.*, and three other previous cases where Garrison was party and Judge Godderz presided.

5.  Said motions to change judge were assigned to Franklin County Kansas District Judge Witteman who erred by using the incorrect standard of review when ruling that Garrison's affidavits in both cases were insufficient to remove Judge Godderz. Thereafter Judge Godderz was re-assigned as trial judge in both cases.

C3

6. Judgment was entered against Garrison by Judge Godderz in the trial court January 19, 2021 in this first case *Garrison v. Ottawa, et al. id.*

7. Judgment was entered against Garrison by Judge Godderz in the trial court October 28, 2021 in *Garrison v. Ward, et al. id.* (second case).

8. Order denying discretionary review in *Garrison v. Ward, et al.* (second case) was entered October 28, 2022 by the Kansas Supreme Court one year after journal entry was filed in the district court.

9. Order denying discretionary review by the Kansas Supreme Court in *Garrison v. City of Ottawa, et al. id.* in this first case was entered December 15, 2022 about a year and 9 months (21 months) after the journal entry was filed in the district court and ***after*** the Kansas Supreme Court denied discretionary review on *Garrison v. Ward, et al.* (second case).

10. March 13, 2023, Garrison filed a petition for certiorari in this first case with this Supreme Court of the United States which is incorporated herein, adopted by reference and made a part hereof.

11. The delay in *Garrison v. City of Ottawa, et al. id.* (first case) was due to non-feasance of Judge Godderz. (See pp. 27-29 of writ of certiorari)

12. Said petition for writ of certiorari in this first case was filed in part due to non feasance of Judge Godderz' in this first case, and prejudice against Garrison proceeding without counsel, and bias in favor of parties represented by counsel, in both this case and *Garrison v. Ward, et al. id.* (See pp. 27-36 of writ of certiorari).

13. Proceedings in the trial court in *Garrison v. Ward, et al. id.* (second case) showing actual prejudice of Judge Godderz against Garrison are included in

C4

said petition for writ of certiorari, *id.* (See pp. 34-36 of writ of certiorari in this case).

14. Order of SCOTUS remanding *Garrison v. City of Ottawa, et al., id.* (first case) to the district court and assigning a different trial judge due to Judge Godderz' non feasance, prejudice against Garrison and bias in favor of other parties, renders the judgment of the trial court in *Garrison v. City of Ottawa, et al., id.* void.

15. The second case *Garrison v. Ward, et al. id.*, adjudicated by District Judge Godderz **after** *Garrison v. City of Ottawa, et al., id.* (first case), also becomes void when SCOTUS remands *Garrison v. City of Ottawa, et al., id.* to the district court due to actual prejudice of Judge Godderz against Garrison and bias in favor of opposing parties as shown in said petition for writ of certiorari pp. 27-36.

16. March 27, 2023 Garrison filed a motion to stay all proceedings in *Garrison v. Ward, et al. id.* based upon facts 1-15 listed in this motion for judicial notice which included a true and correct copy of said petition for writ of certiorari filed March 13, 2023 with this Supreme Court of the United States in this first case.

17. May 1, 2023, an Order was issued by the Kansas Court of Appeals in *Garrison v. Ward, et al. id.* **staying all proceedings** in *Garrison v. Ward, et al. id.* (second case) due in part to facts listed in petition for writ of certiorari raising nonfeasance of Judge Goddera in this case[7] and prejudice appearing in the record in *Garrison v. Ward, et al. id.*[8] A true and correct copy of said May 1, 2023 Order is

---

[7] See pp. 27-29 of petition for writ of certiorari on file in this case.
[8] See pp. 34-36 of petition for writ of certiorari on file in this case.

C5

attached as Exhibit "A" incorporated herein, made a part hereof and adopted by reference.

18. Said May 1, 2023 Order staying all proceedings in *Garrison v. Ward, et al. id.* (Exhibit "A") acknowledges said nonfeasance, prejudice and bias exhibited by trial Judge Godderz (see pp. 27-36 in Garrison's Petition for Writ of Certiorari in this case) and stays all proceedings in second case *Garrison v. Ward, et al. id.* pending disposition of this case before SCOTUS.

19. Said May 1, 2023 Order (Exhibit "A") was issued ***after*** Garrison's Petition for Writ of Certiorari was filed in this case March 13, 2023.

20. Said May 1, 2023 Order in *Garrison v. Ward, et al. id.* (Exhibit "A") (second case) is material and relevant to the disposition of this first case now before the Supreme Court of the United States and should be given full consideration when adjudicating this earlier first case, *Garrison v. Ottawa, et al.* filed as case no. 22-1004 in this Supreme Court of the United States.

## RELIEF

FROM THE FOREGOING, Justices of this Supreme Court of the United States may take judicial notice of said May 1, 2023 Order (Exhibit "A") staying all proceedings in subsequent case *Garrison v. Ward, et al. id.* which acknowledges nonfeasance, prejudice and bias of trial Judge Godderz when considering disposition of this case now before this Supreme Court of the United States, and grant Garrison all relief as a matter of fact, law, equity and as justice requires.

C6

Respectfully submitted this 30th day of May, 2023

/s/ Kurt Garrison, BSME, J.D.
P.O. Box 693
Ottawa, KS 66067
Ph. (785) 214-1581
email: kcgarrison@kwikom.net


EXHIBIT "A"

[Petition for Writ of Certiorari in *Garrison v. Ottawa, et al.* Case. No. 22-1004 filed March 13, 2023 in this case before the Supreme Court of the United States]

SUPREME COURT OF THE UNITED STATES

Kurt Garrison
*Petitioner,*

v.                                                     No. 22-1004

City of Ottawa
Wynndee Lee, Jim Sherman, Curt Altic
*Respondents*

RULE 44.1 CERTIFICATE OF COMPLIANCE
PETITION FOR REHEARING FOR WRIT OF
CERTIORARI

Comes now Petitioner Kurt Garrison filing this certificate of compliance for Petition for Rehearing for Writ of Certiorari in this above styled case. Said Petition for rehearing is brought in good faith and not for the purpose of delay.

This 14th day of July, 2023

Kurt Garrison, BSME, J.D.
P.O. Box 693
Ottawa, KS 66067
Ph. (785) 214-1581
email: kcgarrison@kwikom.net

Exhibit 4

A1

## APPENDIX A:

IN THE APPELLATE COURT OF THE STATE OF
KANSAS

| | |
|---|---|
| Kurt Garrison ) | |
| Petitioner ) | |
| ) | |
| v. ) | |
| ) | |
| Levy Ward ) | Case No. 21-124662-A |
| Jean Ward ) | |
| Todd Burroughs ) | |
| Unknown doe(s) ) | |

Defendants

Title to Real Property Involved
Chapter 60 Kansas Code of Civil Procedure

## MOTION TO STAY ALL PROCEEDINGS PENDING DISPOSITION BY SUPREME COURT OF THE UNITED STATES

Comes now Plaintiff - Appellant Kurt Garrison, unrepresented by counsel, moving the Kansas Court of Appeals for good cause to stay all proceedings in this court and all Kansas courts regarding this case, pending disposition by the Supreme Court of the United States (SCOTUS).

### **Facts**

1. *Garrison v. City of Ottawa, et al.*, 20-CV-12 (first case) was filed January 24, 2020 by Kurt Garrison as plaintiff proceeding without counsel in the Franklin County District Court.

A2

2. This case, *Garrison v. Ward, et al*, 20-CV-79 (second case) was filed November 18, 2020 by Kurt Garrison proceeding without counsel in the Franklin County District Court some 10 months after *Garrison v. City of Ottawa, et al., id.* (first case) was filed.

3. Both cases were presided over by District Judge Eric Godderz. Garrison filed motions to change judge in both cases which were heard and denied by Judge Godderz on June 15, 2021.

4. Garrison filed identical affidavits to remove Judge Godderz as trial judge in this case (second case) and *Garrison v. City of Ottawa, et al., id.* (first case) listing facts in the affidavits that occurred in both this case and *Garrison v. City of Ottawa, et al, id.*

5. District Judge Witteman ruled that Garrison's affidavits in both cases were insufficient to remove Judge Godderz and Judge Godderz was re-assigned as trial judge in both cases.

6. Judgment was entered January 19, 2021 in *Garrison v. Ottawa, et al. id.* (first case).

7. Judgment was entered October 28, 2021 in *Garrison v. Ward, et al. id.* (second case).

8. Order denying discretionary review in *Garrison v. Ward, et al.* (second case) was entered October 28, 2022 by the Kansas Supreme Court one year after journal entry was filed in the district court.

9. Order denying discretionary review in *Garrison v. City of Ottawa, et al. id.* (first case) was entered December 15, 2022 by the Kansas Supreme Court about a year and 9 months (21 months) after the journal entry was filed in the district court.

10. The Kansas Supreme Court Order denying discretionary review in *Garrison v. City of Ottawa, et al. id.* (first case) was filed *after* Kansas Supreme Court Order denying discretionary review was filed in this case (second case).

A3

11. The delay in *Garrison v. City of Ottawa, et al. id.* (first case) was due to non-feasance of Judge Godderz (See pp. 27-29 of writ of certiorari, *infra.*)

12. Garrison filed a petition for writ of certiorari in *Garrison v. City of Ottawa, et al. id.* (first case) with the Supreme Court of the United States due in part to Judge Godderz' prejudice against Garrison proceeding without counsel, and bias in favor of parties represented by counsel, (See pp. 27-36 of writ of certiorari). A true copy of said petition for writ of certiorari is attached as exhibit A adopted by reference, incorporated herein, and made a part hereof.

13. Proceedings in the trial court in this case *Garrison v. Ward, et al. id.* (second case) showing prejudice of Judge Godderz against Garrison are included in said petition for writ of certiorari, *id.* See Appendix A at pp. 34-36.

14. Order of SCOTUS remanding *Garrison v. City of Ottawa, et al., id.* (first case) to the district court and assigning a different trial judge due to Judge Godderz'a prejudice against Garrison, renders the judgment of the trial court in *Garrison v. City of Ottawa, et al., id.* void.

15. This second case *Garrison v. Ward, et al. id.*, adjudicated by District Judge Godderz **after** *Garrison v. City of Ottawa, et al., id.* (first case), also becomes void when SCOTUS remands *Garrison v. City of Ottawa, et al., id.* to the district court before another trial judge due to prejudice of Judge Godderz against Garrison as detailed in said petition for writ of certiorari attached as exhibit A.

### RELIEF

From the foregoing and as a matter of law, the Kansas Court of Appeals and all Kansas courts should stay all proceedings in this case pending disposition of *Garrison v. City of Ottawa, et al., id.* by the Supreme Court of the United States.

This 24th day of March 2023

/s/ Kurt Garrison, BSME, J.D.

B1

APPENDIX B:

## IN COURT OF APPEALS OF THE STATE OF KANSAS

Case No. 124,662

KURT GARRISON,
*Plaintiff - Appellant,*

v.

Levy Ward and Jean Ward.
*Defendant - Appellees.*

### ORDER

The court grants Appellant's motion to stay all proceedings pending disposition by the Supreme Court of the United States. Appellant is ordered to serve and file with the Clerk of the Appellate Court by June 1, 2023, a written report on the status of the pending petition for writ of certiorari, with status reports to follow on the first day of each month while pending.

Dated this 1st day of May 2023.

FOR THE COURT

/s/, Jacy J. Hurst

_____
JACY J. HURST, Presiding Judge

C1

APPENDIX C:

SUPREME COURT OF THE UNITED STATES

Kurt Garrison
*Petitioner,*

v.                                                    Case No. 22-1004

City of Ottawa
Wynndee Lee, Jim Sherman, Curt Altic
*Respondents*

*On petition for certiorari from the Kansas Supreme Court, Order denying Discretionary Review dated December 15, 2022, and Kansas Court of Appeals Case no. 124309.*

**MOTION TO TAKE JUDICIAL NOTICE OF SUBSEQUENT ORDER OF KANSAS COURT OF APPEALS ACKNOWLEDGING NONFEASANCE, PREJUDICE AND BIAS OF TRIAL JUDGE**

Comes now Petitioner Kurt Garrison, unrepresented by counsel, filing this Motion to Take Judicial Notice of Subsequent Order of Kansas Court of Appeals Acknowledging Non Feasance, Prejudice, and Bias of Trial Judge per Supreme Court Rule 21.1, prepared per Supreme Court Rule 33.2 and moving the Supreme Court of the United States (SCOTUS) for good cause to take judicial notice of Order dated May 1, 2023 issued by the Kansas Court of Appeals (after December 22, 2022 Order of Kansas Supreme Court denying discretionary review) acknowledging

C2

nonfeasance of trial judge in this case, prejudice and bias of trial judge in this case and subsequent case *Garrison v. Ward, et al.* Kan. App. no. 21-124662.

## Facts Justifying Judicial Notice

1.  This case filed March 13, 2023 in this Supreme Court by petition by writ of certiorari, was originally filed in the Franklin County Kansas District Court January 24, 2020 by Kurt Garrison as plaintiff proceeding without counsel as *Garrison v. City of Ottawa, et al.*, 20-CV-12 (first case).

2.  *Garrison v. Ward, et al*, 20-CV-79 (second case) was filed November 18, 2020 by Kurt Garrison proceeding without counsel in the Franklin County Kansas District Court some 10 months after this first case was filed in the district court.

3.  Both cases were presided over by District Judge Eric Godderz (trial judge). Garrison filed motions to change judge in both cases which were both heard and denied by Judge Godderz on June 15, 2021.

4.  Garrison immediately filed identical affidavits to remove Judge Godderz as trial judge in this first case and *Garrison v. Ward, et al., id.* (second case) listing facts in affidavits that occurred in both this case, *Garrison v. Ward, et al., id.*, and three other previous cases where Garrison was party and Judge Godderz presided.

5.  Said motions to change judge were assigned to Franklin County Kansas District Judge Witteman who erred by using the incorrect standard of review when ruling that Garrison's affidavits in both cases were insufficient to remove Judge Godderz. Thereafter Judge Godderz was re-assigned as trial judge in both cases.

C3

6. Judgment was entered against Garrison by Judge Godderz in the trial court January 19, 2021 in this first case *Garrison v. Ottawa, et al. id.*

7. Judgment was entered against Garrison by Judge Godderz in the trial court October 28, 2021 in *Garrison v. Ward, et al. id.* (second case).

8. Order denying discretionary review in *Garrison v. Ward, et al.* (second case) was entered October 28, 2022 by the Kansas Supreme Court one year after journal entry was filed in the district court.

9. Order denying discretionary review by the Kansas Supreme Court in *Garrison v. City of Ottawa, et al. id.* in this first case was entered December 15, 2022 about a year and 9 months (21 months) after the journal entry was filed in the district court and ***after*** the Kansas Supreme Court denied discretionary review on *Garrison v. Ward, et al.* (second case).

10. March 13, 2023, Garrison filed a petition for certiorari in this first case with this Supreme Court of the United States which is incorporated herein, adopted by reference and made a part hereof.

11. The delay in *Garrison v. City of Ottawa, et al. id.* (first case) was due to non-feasance of Judge Godderz. (See pp. 27-29 of writ of certiorari)

12. Said petition for writ of certiorari in this first case was filed in part due to non feasance of Judge Godderz' in this first case, and prejudice against Garrison proceeding without counsel, and bias in favor of parties represented by counsel, in both this case and *Garrison v. Ward, et al. id.* (See pp. 27-36 of writ of certiorari).

13. Proceedings in the trial court in *Garrison v. Ward, et al. id.* (second case) showing actual prejudice of Judge Godderz against Garrison are included in

C4

said petition for writ of certiorari, *id.* (See pp. 34-36 of writ of certiorari in this case).

14. Order of SCOTUS remanding *Garrison v. City of Ottawa, et al., id.* (first case) to the district court and assigning a different trial judge due to Judge Godderz' non feasance, prejudice against Garrison and bias in favor of other parties, renders the judgment of the trial court in *Garrison v. City of Ottawa, et al., id.* void.

15. The second case *Garrison v. Ward, et al. id.*, adjudicated by District Judge Godderz *after Garrison v. City of Ottawa, et al., id.* (first case), also becomes void when SCOTUS remands *Garrison v. City of Ottawa, et al., id.* to the district court due to actual prejudice of Judge Godderz against Garrison and bias in favor of opposing parties as shown in said petition for writ of certiorari pp. 27-36.

16. March 27, 2023 Garrison filed a motion to stay all proceedings in *Garrison v. Ward, et al. id.* based upon facts 1-15 listed in this motion for judicial notice which included a true and correct copy of said petition for writ of certiorari filed March 13, 2023 with this Supreme Court of the United States in this first case.

17. May 1, 2023, an Order was issued by the Kansas Court of Appeals in *Garrison v. Ward, et al. id.* **staying all proceedings** in *Garrison v. Ward, et al. id.* (second case) due in part to facts listed in petition for writ of certiorari raising nonfeasance of Judge Goddera in this case[7] and prejudice appearing in the record in *Garrison v. Ward, et al. id.*[8] A true and correct copy of said May 1, 2023 Order is

---

[7] See pp. 27-29 of petition for writ of certiorari on file in this case.

[8] See pp. 34-36 of petition for writ of certiorari on file in this case.

C5

attached as Exhibit "A" incorporated herein, made a part hereof and adopted by reference.

18. Said May 1, 2023 Order staying all proceedings in *Garrison v. Ward, et al. id.* (Exhibit "A") acknowledges said nonfeasance, prejudice and bias exhibited by trial Judge Godderz (see pp. 27-36 in Garrison's Petition for Writ of Certiorari in this case) and stays all proceedings in second case *Garrison v. Ward, et al. id.* pending disposition of this case before SCOTUS.

19. Said May 1, 2023 Order (Exhibit "A") was issued ***after*** Garrison's Petition for Writ of Certiorari was filed in this case March 13, 2023.

20. Said May 1, 2023 Order in *Garrison v. Ward, et al. id.* (Exhibit "A") (second case) is material and relevant to the disposition of this first case now before the Supreme Court of the United States and should be given full consideration when adjudicating this earlier first case, *Garrison v. Ottawa, et al.* filed as case no. 22-1004 in this Supreme Court of the United States.

## RELIEF

FROM THE FOREGOING, Justices of this Supreme Court of the United States may take judicial notice of said May 1, 2023 Order (Exhibit "A") staying all proceedings in subsequent case *Garrison v. Ward, et al. id.* which acknowledges nonfeasance, prejudice and bias of trial Judge Godderz when considering disposition of this case now before this Supreme Court of the United States, and grant Garrison all relief as a matter of fact, law, equity and as justice requires.

C6

Respectfully submitted this 30th day of May, 2023

/s/ Kurt Garrison, BSME, J.D.
P.O. Box 693
Ottawa, KS  66067
Ph. (785) 214-1581
email: kcgarrison@kwikom.net


EXHIBIT "A"

[Petition for Writ of Certiorari in *Garrison v. Ottawa, et al.* Case. No. 22-1004 filed March 13, 2023 in this case before the Supreme Court of the United States]

SUPREME COURT OF THE UNITED STATES

Kurt Garrison
*Petitioner,*

v.                                    No. 22-1004

City of Ottawa
Wynndee Lee, Jim Sherman, Curt Altic
*Respondents*

### RULE 44.1 CERTIFICATE OF COMPLIANCE PETITION FOR REHEARING FOR WRIT OF CERTIORARI

Comes now Petitioner Kurt Garrison filing this certificate of compliance for Petition for Rehearing for Writ of Certiorari in this above styled case. Said Petition for rehearing is brought in good faith and not for the purpose of delay.

This 14th day of July, 2023

Kurt Garrison, BSME, J.D.
P.O. Box 693
Ottawa, KS 66067
Ph. (785) 214-1581
email: kcgarrison@kwikom.net

**Public Portal Family Type Case**

Exhibit 5

# Case Summary

🔒 **Case No. 2020-DM-000131**

| | | | | |
|---|---|---|---|---|
| **In the Matter of the Marriage of Jonathan David Lawson vs Angeliina Lynn Lawson** | | § § § | Location: | **Anderson County** |
| | | | Judicial Officer: | **Godderz, Eric W** |
| | | | Filed on: | **09/02/2020** |

---

## Case Information

---

**Statistical Closures** | | Case Type: | DM Marriage Dissolution/Divorce
11/10/2020  Settled Without Judical Conf or Hearing | | Case Status: | **11/10/2020  Post Judgment**

---

## Party Information

---

| | | |
|---|---|---|
| **Petitioner** | **Lawson, Jonathan David** | ~~Abrams-Wharton, Randall John (Inactive)~~ ~~Retained~~ |
| | | **Poe, Breanne Christine Hendricks** ***Retained*** |
| **Respondent** | **Lawson, Angeliina Lynn** | **Pro Se** |
| | | ~~Wood, Ronald Phillip (Inactive)~~ ~~Retained~~ ~~Schowengerdt, Daniel J (Inactive)~~ ~~Retained~~ ~~Spangler, Jennifer Elizabeth (Inactive)~~ ~~Retained~~ |

---

## Case Events

---

09/01/2020    INF: Information (Generic)
    *JUDGES NOTES*

09/02/2020    PLE: Petition
    *Petition for Divorce PLE: Petition*

09/02/2020    INF: Information (Generic)
    *Voluntary Entry of Appearance, Waiver of Answer and Waiver of Notice INF: Information (Generic)*

09/02/2020    INF: Child Support Worksheet - No Judge Signature Requested
    *Child Support Worksheet INF: Child Support Worksheet - No Judge Signature Requested*

09/02/2020    INF: Parenting Plan
    *Proposed Parenting Plan INF: Parenting Plan*

09/02/2020    AFF: Affidavit (Generic)
    *Domestic Relations Affidavit of Jonathan Lawson AFF: Affidavit (Generic)*

09/02/2020    AFF: Affidavit (Generic)
    *Domestic Relations Affidavit of Angeliina Lawson AFF: Affidavit (Generic)*

09/02/2020    INF: Trial Exhibit
    *Property Settlement Agreement INF: Exhibit*

09/02/2020    AFF: Affidavit (Generic)
    *Affidavit of Angeliina Lawson AFF: Affidavit (Generic)*

09/02/2020    MOT: Motion (Generic)
    *Motion to Withdraw MOT: Motion (Generic)*

11/04/2020    MOT: Motion (Generic)
    *Motion to Withdraw*

Public Portal Family Type Case

## Case Summary

🔒 Case No. 2020-DM-000131

| | | |
|---|---|---|
| 11/09/2020 | ORD: Decree<br>*Decree of Divorce* | |
| 11/09/2020 | ORD: Withdraw<br>*Order to Withdraw as Counsel of Record* | |
| 05/18/2023 | INF: Entry of Appearance<br>*Entry of Appearance (D. Schowengerdt)* | |
| 07/13/2023 | MOT: 28-179 - Modify Motion<br>*Motion to Modify and Enforce*<br>Party:   Respondent Lawson, Angeliina Lynn<br>*Motion to Modify and Enforce* | |
| 07/13/2023 | INF: Trial Exhibit<br>*Exhibit A*<br>Party:   Respondent Lawson, Angeliina Lynn<br>*Exhibit A* | |
| 07/18/2023 | NOT: Notice - No Sheriff Service Required<br>*Notice of Hearing (August 10, 2023, at 9:30am)* | |
| 08/07/2023 | INF: Entry of Appearance<br>*Entry of Appearance (Breanne Poe)* | |
| 09/18/2023 | PLE: Response - Answer<br>*Petitioner's Response to Respondent's Motion to Modify and Enforce* | |
| 11/15/2023 | INF: Information (Generic)<br>*CR Rhonda Rhodes Wise* | |
| 12/13/2023 | INF: Information (Generic)<br>*CR Rhonda Rhodes Wise* | |
| 01/08/2024 | INF: Entry of Appearance<br>*Entry of Appearance (Jennifer Spangler)* | |
| 01/08/2024 | MOT: Motion (Generic)<br>*Motion for Continuance* | |
| 02/07/2024 | INF: Information (Generic)<br>*CR Rhonda Rhodes Wise* | |
| 02/22/2024 | INF: Information (Generic)<br>*CR Rhonda Rhodes Wise* | |
| 03/25/2024 | INF: Trial Exhibit<br>*Updated Exhibit A $3,366.16- Spangler* | |
| 03/25/2024 | INF: Information (Generic)<br>*CR Rhonda Rhodes Wise* | |
| 03/27/2024 | NOT: Notice - No Sheriff Service Required<br>*Notice of Submission pursuant to Rule 133* | |
| 03/27/2024 | MOT: Motion (Generic)<br>*Motion to Withdraw* | |
| 03/29/2024 | MOT: Motion (Generic)<br>*Motion to Enforce and Motion to supplement* | Index # 1 |
| 03/29/2024 | MOT: Motion (Generic)<br>*Motion to Modify Custody, Parenting time, and Support* | Index # 2 |
| 03/29/2024 | MOT: Appoint - Guardian Ad Litem<br>*Motion for Appointment of Guardian Ad Litem* | Index # 3 |
| 03/29/2024 | NOT: Notice - No Sheriff Service Required<br>*Certificate of Service of Interoggs and Rfpd* | Index # 4 |
| 07/15/2024 | INF: Information (Generic)<br>*Certificate of Service* | Index # 5 |
| 07/15/2024 | INF: Information (Generic) | Index # 6 |

## Case Summary

🔒 **Case No. 2020-DM-000131**

*Certificate of Service*

| 07/15/2024 | AFF: Affidavit (Generic)<br>*Domestic Relations Affidavit* | Index # 7 |
|---|---|---|
| 07/15/2024 | MOT: Response<br>*Petitioner's Response to Respondent's Motion to Modify Custody, Parenting Time* | Index # 8 |
| 07/15/2024 | INF: Information (Generic)<br>*CR Rhonda Rhodes Wise* | Index # 9 |
| 07/26/2024 | ORD: Appoint Guardian Ad Litem<br>*Order Appointing Guardian Ad Litem (D. Lawson - 2010)* | Index # 10 |
| 07/29/2024 | MOT: Motion (Generic)<br>*Emergency Motion to Suspend Parenting Time and Sole Legal Custody* | Index # 11 |
| 08/01/2024 | INF: Entry of Appearance<br>*Substitution of Counsel (Breanne Poe)* | Index # 12 |
| 08/08/2024 | INF: Information (Generic)<br>*CR Rhonda Rhodes Wise* | Index # 13 |
| 08/28/2024 | INF: Entry of Appearance<br>*Entry of Appearance (Ronald P. Wood)* | Index # 15 |
| 08/28/2024 | INF: Information (Generic)<br>*CR Rhonda Rhodes Wise* | Index # 14 |
| 08/29/2024 | MOT: Motion (Generic)<br>*Motion for Emergency Ex Parte Temporary Orders* | Index # 16 |
| 09/19/2024 | INF: Information (Generic)<br>*CR Rhonda Rhodes Wise* | Index # 17 |
| 09/21/2024 | ORD: Order (Generic)<br>*Temporary Orders* | Index # 18 |
| 09/27/2024 | ORD: Withdraw<br>*Order To Withdraw (Daniel Schowengerdt)* | Index # 19 |
| 10/03/2024 | INF: Information (Generic)<br>*CR Rhonda Rhodes Wise* | Index # 20 |
| 10/07/2024 | MOT: Motion (Generic)<br>*Motion to Change Venue* | Index # 21 |
| 10/29/2024 | INF: Information (Generic)<br>*CR Rhonda Rhodes Wise* | Index # 22 |
| 11/20/2024 | ORD: Order (Generic)<br>*Journal Entry Regarding 10-29-24 Hearing* | Index # 23 |
| 11/21/2024 | MOT: Motion (Generic)<br>*Motion for Payment of Guardian Ad Litem Fees* | Index # 24 |
| 12/12/2024 | INF: Information (Generic)<br>*CR Rhonda Rhodes Wise* | Index # 25 |
| 12/31/2024 | MOT: Transcript<br>*Request for Transcripts* | Index # 26 |
| 02/19/2025 | MOT: Motion (Generic)<br>*Motion for Psychological Test* | Index # 27 |
| 02/24/2025 | MOT: Motion (Generic)<br>*Motion for Psychological Testing of Father* | Index # 28 |
| 02/26/2025 | INF: Information (Generic)<br>*CR Rhonda Rhodes Wise* | Index # 29 |
| 03/04/2025 | AFF: Affidavit (Generic)<br>*Affidavit filed by Respondent* | Index # 30 |
| 03/31/2025 | INF: Information (Generic) | Index # 31 |

## Case Summary

🔒 **Case No. 2020-DM-000131**
*Supervised Parenting Time Court Report*

| | | |
|---|---|---|
| 03/31/2025 | AFF: Affidavit (Generic) | Index # 32 |
| 04/14/2025 | MOT: Motion (Generic)<br>*Motion to Withdraw Attorney & Notice of Self-Representation* | Index # 33 |
| 04/21/2025 | NOT: Notice (Generic)<br>*Rule 170 Notice - Journal Entry Regarding Psychological Testing* | Index # 34 |
| 04/21/2025 | NOT: Notice (Generic)<br>*Notice & Objection to Rule 170 Filing by Non-Party GAL* | Index # 35 |
| 04/22/2025 | INF: Information (Generic)<br>*Master Notice of Federal Conflict, Retaliatory Custodial Interference, ADA Obstruction & Due Process Violations* | |
| Index # 36 | | |
| 04/22/2025 | INF: Information (Generic)<br>*Supplemental to Affidavit of Angeliina Lawson* | Index # 37 |
| 04/23/2025 | MOT: Motion (Generic)<br>*Motion to Withdraw* | Index # 41 |
| 04/23/2025 | MOT: Motion (Generic)<br>*Motion to Recuse Judge Eric W Godderz & Chief Judge Taylor Wine* | Index # 38 |
| 04/23/2025 | INF: Information (Generic)<br>*Notice of Guardian Ad Litem Misconduct & Federal Escalation* | Index # 39 |
| 04/23/2025 | MOT: Motion (Generic)<br>*Motion to Transfer Venue to Johnson County, Kansas* | Index # 40 |
| 04/28/2025 | INF: Information (Generic)<br>*Notice of Noncompliance, Custodial Interference & Fraud on the Court* | Index # 42 |
| 05/05/2025 | INF: Information (Generic)<br>*Obection to Judicial Denial of Self-Represnetation & Enforced Legal Counsel* | Index # 43 |
| 05/08/2025 | INF: Correspondence<br>*Correspondence:Notice of Removal Under 28 U.S.C 1443* | Index # 44 |
| 05/08/2025 | INF: Information (Generic)<br>*CART notes from Hearing (5/08/2025)* | Index # 45 |
| 05/08/2025 | INF: Information (Generic)<br>*CR Rhonda Rhodes Wise* | Index # 46 |
| 05/13/2025 | INF: Information (Generic)<br>*Designation of Record for Federal Removal - 5:25-cv-04045* | Index # 47 |
| 05/14/2025 | ORD: Withdraw<br>*Order to Withdraw - Respondent's Counsel (Ronald Wood)* | Index # 48 |
| 05/22/2025 | MOT: Motion (Generic)<br>*Motion to Withdraw (Andrew L Bolton)* | Index # 49 |
| 05/22/2025 | MOT: Motion (Generic)<br>*Motion for Payment of GAL Fees* | Index # 50 |
| 06/06/2025 | ORD: Order (Generic)<br>*Order Permitting Withdrawal (Andrew Bolton, GAL)* | Index # 51 |
| 06/09/2025 | NOT: Notice (Generic)<br>*Notice of Custodial Interference, Family Law Non-Compliance & Judicial Record Preservation* | Index # 52 |
| 06/11/2025 | INF: Memorandum<br>*Memorandum & Order:filed in the United States District Court* | Index # 53 |
| 06/19/2025 | MOT: Motion (Generic)<br>*Petitioner's Motion to Modify Payment for Supervised Parenting Time* | Index # 55 |
| 06/20/2025 | NOT: Notice (Generic)<br>*Notice of Docket Manipulation, Non-Service, and Demand for Record Preservation Regarding GAL Withdrawal Order (Index #51)* | |
| Index # 54 | | |

## Case Summary

🔒 **Case No. 2020-DM-000131**

| | | |
|---|---|---|
| 08/08/2025 | INF: Correspondence | Index # 56 |
| | *Correspondence* | |
| 09/04/2025 | INF: Information (Generic) | Index # 57 |
| | *Notice on Non-Receipt of Orders, Docket Mislabeling* | |
| 09/04/2025 | INF: Information (Generic) | |
| | *Notice of Constitutional Duty & Demand for Clarification Regarding Grand Jury Access & Accountability* | |
| Index # 58 | | |
| 09/04/2025 | INF: Information (Generic) | |
| | *Memorial Affirming the People's Right to Familial Association & Declaring Governmental Interference Void* | |
| Index # 59 | | |
| 09/09/2025 | INF: Information (Generic) | |
| | *Notice of Void Orders, Contradictions in Supervised Visitation & Unconstitutional Restriction of Liberty* | |
| Index # 60 | | |
| 10/14/2025 | INF: Information (Generic) | Index # 61 |
| | *Notice of Reinstatement of Parental Rights and Intent to Resume Custody* | |
| 10/14/2025 | INF: Information (Generic) | Index # 62 |
| | *Notice of Reinstatement of Parental Rights and Intent to Resume Custody* | |
| 10/16/2025 | MOT: Motion (Generic) | Index # 63 |
| | *Motion to Suspend Parenting Time* | |

10/16/2025
NOT: Notice (Generic)
  *No Subject Matter Jurisdiction Judical Notice of Jurisdictional Defect and Disqualification of Counsel Breanne H Poe, Cease and Desist Demand and Predicate Acts*
Index # 64

| | | |
|---|---|---|
| 10/17/2025 | NOT: Notice (Generic) | Index # 65 |
| | *Judicial Notice of Filing of Cease & Desist Demand Due to Communication Block by Jonathan Lawson* | |
| 10/17/2025 | NOT: Notice (Generic) | Index # 66 |
| | *Judicial Notice & Demand for formal Withdrawal of Counsel BreAnne H Poe* | |
| 10/17/2025 | NOT: Notice (Generic) | |
| | *Judicial Notice to Preserve the Record of Abusive Litigation & Vexatious Conduct by Jonathan David Lawson* | |
| Index # 67 | | |

---

## Dispositions

---

11/10/2020    **Settled w/o Judicial Conf or Hearing**  (Judicial Officer: Godderz, Eric W)

---

## Hearings

---

08/10/2023    **Status Conference**   (9:30 AM)   (Judicial Officer: Godderz, Eric W)
        *BY VIDEO*
            *No Court Appearance Required - Hearing Not Held*

10/19/2023    **Status Conference**   (9:45 AM)   (Judicial Officer: Godderz, Eric W)
        *BY VIDEO*
            *No Court Appearance Required - Hearing Not Held*

11/15/2023    **Status Conference**   (9:00 AM)   (Judicial Officer: Godderz, Eric W)
        *BY VIDEO*
            *Hearing Held*

12/13/2023    **Status Conference**   (11:30 AM)   (Judicial Officer: Godderz, Eric W)
        *BY VIDEO*
            *Hearing Held*

**Public Portal Family Type Case**

## Case Summary

🔒 **Case No. 2020-DM-000131**

01/10/2024   **Bench Trial**   (1:00 PM)   (Judicial Officer: Godderz, Eric W)
*IN PERSON - 2 HRS*
*Hearing Held*

02/07/2024   **Status Conference**   (11:45 AM)   (Judicial Officer: Godderz, Eric W)
*BY VIDEO*
*Hearing Held*

02/22/2024   **Status Conference**   (2:00 PM)   (Judicial Officer: Godderz, Eric W)
*BY VIDEO*
*Hearing Held*

03/25/2024   **Status Conference**   (1:00 PM)   (Judicial Officer: Godderz, Eric W)
*BY VIDEO*
*Hearing Held*

07/15/2024   **Bench Trial**   (1:30 PM)   (Judicial Officer: Godderz, Eric W)
*IN PERSON - 1/2 DAY*
*Hearing Held*

08/01/2024   **Motion**   (4:30 PM)
*Hearing Held*

08/08/2024   **Status Conference**   (9:30 AM)   (Judicial Officer: Godderz, Eric W)
*ZOOM*
*Hearing Held*

08/28/2024   **Status Conference**   (2:00 PM)   (Judicial Officer: Godderz, Eric W)
*ZOOM*
*Hearing Held*

09/19/2024   **Hearing**   (9:30 AM)   (Judicial Officer: Godderz, Eric W)
*ZOOM*
*Hearing Held*

10/03/2024   **Status Conference**   (9:45 AM)   (Judicial Officer: Godderz, Eric W)
*ZOOM*
*Hearing Held*

10/29/2024   **Status Conference**   (11:00 AM)   (Judicial Officer: Godderz, Eric W)
*ZOOM - MOTION TO CHANGE VENUE FILED*
*Hearing Held*

12/12/2024   **Status Conference**   (10:30 AM)   (Judicial Officer: Godderz, Eric W)
*ZOOM*
*Hearing Held*

02/26/2025   **Motion**   (10:30 AM)   (Judicial Officer: Godderz, Eric W)
*ZOOM - MOTION FOR EVALUATION*
*Hearing Held*

03/07/2025   **Court Review - No Appearance**   (8:00 AM)   (Judicial Officer: Wine, Taylor J)

05/08/2025   **Status Conference**   (9:00 AM)   (Judicial Officer: Godderz, Eric W)
*ZOOM*
*Hearing Held*