FILED
United States Court of Appeals
Tenth Circuit

December 11, 2025

Christopher M. Wolpert
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

———————————————

JONATHAN DAVID LAWSON,

    Plaintiff - Appellee,

v.

ANGELIINA LYNN LAWSON,

    Defendant - Appellant.

No. 25-3097
(D.C. No. 5:25-CV-04045-JWB-TJJ)
(D. Kan.)

———————————————

**ORDER AND JUDGMENT**[*]

———————————————

Before **CARSON**, **BALDOCK**, and **KELLY**, Circuit Judges.

———————————————

Appellant Angeliina Lynn Lawson[1] unsuccessfully tried to remove Kansas state-court custody proceedings to federal court under 28 U.S.C. § 1443(1). That provision permits removal when the petitioner "is denied or cannot enforce in the

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] We construe Ms. Lawson's pleadings liberally in light of her pro se status, but we will not construct a legal theory on her behalf. *See Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

courts of such State a right under any law providing for the equal civil rights of citizens of the United States." Ms. Lawson invoked § 1443(1) on the ground that Kansas state courts are violating her rights under Title II of the Americans with Disabilities Act. She says those rights are, or should be, "civil rights" within the meaning of § 1443(1). Controlling precedent says otherwise.

The Supreme Court has clearly stated that a petitioner seeking removal under § 1443(1) must allege claims that "arise[] under a federal law providing for specific civil rights stated in terms of racial equality." *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (internal quotation marks omitted). We reiterated this principle in *Miller v. Lambeth*, 443 F.3d 757, 761-62 (10th Cir. 2006). Ms. Lawson's claims have nothing to do with racial equality, so the district court correctly concluded it lacked subject-matter jurisdiction and remanded her case to state court. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm for the same reasons set forth in the district court's well-reasoned order entered on May 30, 2025. In so doing, we reject Ms. Lawson's additional argument that the district court should have addressed her jury-trial demand and her pending motions to compel state-court action. It would have been inappropriate for the district court to do so given the lack of jurisdiction. All pending motions are denied.

            Entered for the Court

            Paul J. Kelly, Jr.
            Circuit Judge